506

BEACON HOMES, INC., Appellant,

v.

Mary AGUILAR, Appellee.

No. 6582.

Court of Civil Appeals of Texas,
El Paso.

April 27, 1977.

Rehearing Denied May 25, 1977.

Merkin & Gibson, Sidney K. Gibson, El Paso, for appellant.

Santiesteban, Kennedy & Martin, Robert E. Kennedy, El Paso, for appellee.

## OPINION

OSBORN, Justice.

This case involves a dispute between a tenant and a landlord over the return of a security deposit. Following a jury trial, judgment was entered awarding the tenant the amount of the deposit, plus $100.00, plus treble damages and attorney's fees as provided for in Article 5236e, Sec. 4(a), Tex. Rev.Civ.Stat.Ann. For reasons to be noted, we dismiss the appeal.

After the jury returned its verdict, judgment was entered for Mary Aguilar on April 22, 1976. More than ten days thereafter, the Appellant filed a motion for new trial, and on May 18, 1976, filed a motion for judgment non obstante veredicto and amended motion for new trial. Two days later, the Court entered an order disregarding the jury answer to Special Issue No. 1 in which the jury answered "No" when asked if the parties to the suit had entered into a rental agreement. The order also recites that on its own motion, the Court

concluded that it should provide for additional attorney's fees in the event of an appeal. On May 21, 1976, the Court entered a judgment based upon the jury verdict, except as to Special Issue No. 1 which the Court concluded required an affirmative answer as a matter of law, awarded the same sums as in the first judgment, and awarded an additional $500.00 for attorney's fees in the event the Appellant perfected an appeal to the Court of Civil Appeals and an additional $250.00 attorney's fees in the event the Appellant filed an application for writ of error. Neither the May order nor the judgment mentioned the first judgment in the case.

On July 20, 1976, the Court entered another order overruling Appellant's first amended motion for new trial which had been filed following the second judgment. Also on July 20, 1976, a third judgment was entered. It was identical with the second judgment, except that it provided for attorney's fees of $1,050.00 with a credit of $750.00 if no appeal was taken, and a credit of only $250.00 if no appeal was taken beyond the Court of Civil Appeals. Neither the July order nor judgment mentioned either of the earlier judgments. On August 11, 1976, Appellant deposited cash in lieu of a bond with the County Clerk and thereafter filed the record in this Court. We conclude, sua sponte, that the first judgment is the only valid judgment in this case and a timely appeal has not been perfected from that judgment. In *Mullins v. Thomas*, 136 Tex. 215, 150 S.W.2d 83 (1941), the Court said: " \* \* \* the rule is well settled that the entry of a second judgment in the same case is not a vacation of the first, and that if there is nothing to show the first was vacated, the second is a nullity."

Clearly, Rule 301, Tex.R.Civ.P., provides for only one final judgment in any cause. Following the holding in the Mullins case, subsequent decisions have consistently held that the entry of a second judgment in the same case is not a vacation of the first, and that if there is nothing to show the first judgment was vacated, the second is a nullity. *Fugitt v. Slay*, 329 S.W.2d 358 (Tex.Civ.

App.—Dallas 1959, writ dism'd); *King v. Ivans*, 429 S.W.2d 646 (Tex.Civ.App.—Tyler 1968, no writ); *Dickerson v. Mack Financial Corporation*, 452 S.W.2d 552 (Tex.Civ.App.—Houston [1st Dist.] 1969, writ ref'd n.r.e.).

In neither the second nor the third judgment nor the orders preceding such judgments did the Court indicate an intention to set aside or vacate its prior judgment. By reading either the second or the third judgment, one would never know nor suspect that a prior judgment had been entered, and one would never know that the Court intended by the subsequent judgments to set aside, vacate, or modify an earlier judgment in the same case. Thus, we conclude that the second and third judgments are a nullity. Since the cash bond was not filed within thirty days after the entry of the first judgment, as required by Rule 356, Tex.R.Civ.P., the appeal has not been perfected. The appeal is dismissed.

## ON MOTION FOR REHEARING

The Appellant has filed a forceful motion for rehearing urging that we erred in holding that the second and third judgments are a nullity, and that we erred in holding that there is nothing in the second or third judgments or the orders preceding such judgments to indicate an intention by the trial Court to set aside or vacate its prior judgment.

Relying primarily upon *Federal Underwriters Exchange v. Bailey*, 175 S.W.2d 618 (Tex.Civ.App.—Dallas 1943, writ ref'd w.o. m.), Appellant urges that because the second judgment set aside the jury's answer to Special Issue No. 1, provided additional attorney's fees in the event of an appeal, and provided for interest from the date of the second judgment, that clearly the trial Court intended to vacate and set aside the first judgment, even though the second judgment does not expressly so state. If these changes alone vacate and set aside the first judgment, even though the Court does not so state in the second judgment, then the second judgment has been set aside and vacated by the third judgment which changed the provision for attorney's

fees on appeal and provided that interest would run from the date of the third judgment. Apparently, this has been the Appellant's belief throughout these proceedings because the certificate of cash deposit filed by the Appellant in lieu of a cash bond reflects that the deposit was made to appeal from a judgment entered on July 20, 1976. In addition, the last point in the brief of Appellant concerns a complaint about attorney's fees as provided for in the judgment signed and entered July 20, 1976.

If we should sustain the Appellant's motion for rehearing and conclude that the second judgment vacated and set aside the first judgment, and that the third judgment vacated and set aside the second judgment, the Appellant would be before this Court without any assigned errors for our consideration. No motion for new trial was filed in the trial Court following the entry of the third judgment. This being a jury-tried case, a motion for new trial is a prerequisite to an appeal under Rule 324, Tex.R.Civ.P. All of the Appellant's points of error in its original brief reflect that they are germane to an amended motion for new trial, and the amended motion for new trial filed on June 17, 1976, is expressly stated to be an attack upon the judgment "rendered  *  * on May 21, 1976." There being no motion for new trial following the judgment entered on July 20, 1976, any error required to be assigned by such a motion has been waived. Should we be mistaken about the validity of the July judgment, we have examined the record and find no fundamental error.

The Appellant's motion for rehearing is overruled.