**B & M MACHINE COMPANY,**
Appellant,

v.

**AVIONIC ENTERPRISES, INC.,**
Appellee.

No. 8528.

Court of Civil Appeals of Texas,
Texarkana.

Jan. 10, 1978.

Rehearing Denied Feb. 7, 1978.

Frank H. Pope, Jr., Yarborough & Pope, Inc., Bedford, for appellant.

Ed T. Smith, Bonham, for appellee.

RAY, Justice.

This is a suit on a contract. B & M Machine Company (B & M), appellant (plaintiff), brought suit against Avionic Enterprises, Inc. (Avionic), appellee (defendant), for breach of contract seeking recovery of damages in the sum of $3,300.00. The case was tried without a jury and the trial court entered its original judgment on April 14, 1977, in which it was decreed that appellant (plaintiff) take nothing and assessed all costs against appellant. On April 29, 1977, the trial court entered a second judgment that appellant recover the sum of $412.50 and taxing costs against appellant. B & M Machine Company has attempted to appeal and submits eleven points of error for our consideration.

The record reflects that prior to January, 1974, Avionic contracted with Kelly Air Logistics Center to build eight stair ladder levers; that Avionic was to provide the raw material to construct the stair ladder levers, machine the levers, anodize the levers, install the bearings, paint and package the levers, and ship the levers to Kelly Air Logistics Center; that Kelly Air Logistics Center was to pay Avionic the sum of $1,640.64 for the total contract price which included the machine operation. In the early part of 1974 Avionic was involved in other work and desired to subcontract the machining portion of the eight levers; that George Waldie, Avionic's agent, went to B

& M Machine Company's place of business in Tarrant County to subcontract the machining portion of the job; that Waldie had authority to subcontract this part of the work for as much as $60.00 per unit or total authority to subcontract the job for as much as $480.00; while at B & M Machine Company, Waldie talked to Glen Boydstun, president of B & M, about that company's machining the levers; that following Boydstun's and Waldie's conversation, Boydstun notified William Blue, an employee of B & M at that time, and gave Blue the government specifications which had been brought to B & M by Waldie and Boydstun asked Blue to prepare a bid or offer to be submitted to Waldie; that pursuant to Boydstun's request, Blue arrived at a bid or offer concerning the machining of the levers; that upon completion of the preparation of the bid concerning the levers, Blue delivered the result to Waldie; the bid was submitted to Waldie and Waldie understood the total bid to be $412.50 for machining all eight levers at $51.56 each; that Boydstun understood the $412.50 offer submitted by Blue to be the price charged for each lever machined by B & M for a total contract price of $3,300.00; that Blue did not know whether the $412.50 price he submitted was a per unit price or a total contract price; that on or about January 7, 1974, subsequent to the bid, Avionic sent to B & M its purchase order for machining the eight levers which showed $412.50 to be the total consideration to be paid by Avionic to B & M for machining the levers; that following B & M's receipt of the purchase order and prior to its completion of machining the levers, there arose a dispute between appellant and appellee as to the contract price that appellee was to pay to appellant for machining the levers. The trial court determined that the parties did not have a meeting of the minds concerning the contract price, and we think rightfully so, and entered its first judgment accordingly.

■ Appellant's eighth point of error is as follows:

"The Trial Court erred in entering its 'Amended Judgment' on April 29th, 1977, for the reason that such judgment did not specifically vacate the 'Final Judgment' entered on April 14th, 1977."

We agree with appellant that Rule 301, Tex.R.Civ.P., provides for only one final judgment in any cause. The language in the second judgment does not purport to vacate the first judgment and the second judgment is therefore a nullity. *Mullins v. Thomas*, 136 Tex. 215, 150 S.W.2d 83 (1941); *Beacon Homes, Inc. v. Aguilar*, 552 S.W.2d 506 (Tex.Civ.App. El Paso 1977, no writ).

■ The record reflects only one cost bond filed in the trial court on May 20, 1977, which was to perfect an appeal from the judgment entered on April 29, 1977. The cost bond was not filed in time to perfect an appeal from the judgment of the trial court dated April 14, 1977, because it was not filed within thirty days after rendition of judgment. Rules 354 and 356, Tex. R.Civ.P. No motion for new trial was filed which would have extended the time for filing the cost bond. Though it is not necessary to file a motion for new trial in a non-jury case, if such a motion is timely filed, however, it extends the time for filing the cost bond until thirty days after the order overruling the motion for new trial or thirty days after the motion for new trial has been overruled by operation of law. *Park v. Essa Texas Corporation*, 158 Tex. 269, 311 S.W.2d 228 (1958); Rule 356, supra.

■ The filing of the cost bond within thirty days is mandatory and jurisdictional and the failure to timely file the bond is fatal to the appeal. Since appellant failed to timely file its cost bond, no appeal has been perfected to this court.

Accordingly, the appeal in this case is dismissed for want of jurisdiction.