**T. J. WHITE, Appellant,**

v.

**H. C. DOUGLAS, Appellee.**

**No. 8576.**

Court of Civil Appeals of Texas, Texarkana.

Aug. 8, 1978.

Rehearing Denied Aug. 29, 1978.

Welby Parish, J. Michael Smith, Parish & Smith, Gilmer, for appellant.

Kenneth R. Barron, Tyler, H. C. Douglas, Mineola, for appellee.

ODEN, Justice.

T. J. White has perfected the appeal by writ of error from a judgment rendered upon his failure to appear for trial in favor of H. C. Douglas. Appellant and appellee will be respectively referred to as White and Douglas.

Douglas instituted the action against White to remove a cloud from his title to 29¼ acres of land. The common source of title to the 29¼ acre tract was James Bell who died in 1959. Douglas alleged that James Bell died testate and that he acquired the 29¼ acre tract from the sole beneficiary under his will. White alleged James Bell died intestate and claimed an undivided one-half interest in the 29¼ acre tract under a deed executed by a statutory heir. White timely filed an answer and, shortly thereafter, Douglas moved for a summary judgment. White then filed a cross-action against Douglas alleging, inter alia, that he had retained the services of Douglas, a duly licensed attorney, to represent him in a suit involving the title to certain real property other than the 29¼ acre tract herein referenced and that Douglas, in violation of his fiduciary duty, purchased such property for his own account. Douglas timely filed an answer to the cross-action and filed an instrument labeled "cross-action" against White and his attorney, Welby K. Parish, for libel and slander. White and Mr. Parish timely filed answers and, additionally, Mr. Parish moved for a summary judgment. Both motions for summary judgment were set for hearing on June 2, 1977, before the Hon. Virgil Mulanax, Judge of the 115th District Court.[1] Douglas did not appear at the hearing; however, upon being contacted by telephone, Douglas' counsel agreed that Judge Mulanex could consider the motions without a hearing. The case was set for trial for August 22, 1977, before Judge Galloway Calhoun, Judge of the 114th District Court.[1] White failed to appear for trial on August 22, 1977, at which time judgment was rendered in favor of Douglas removing the cloud from his title to the 29¼ acres of land and awarding him monetary damages against White. Douglas waived his claim for libel and slander at the trial. The judgment denied all relief prayed for by White. White timely filed a motion for new trial alleging, inter alia, that it was his understanding that the case would not be tried until after Judge Virgil Mulanax had an opportunity to rule on both motions for summary judgment. The motion for new trial was overruled by operation of law and the appeal has been perfected by writ of error to this Court.

1. Wood County is served by both the 114th and 115th District Courts.

■ A proceeding by writ of error in the court of civil appeals is but another method of appeal. *Smith v. Smith,* 544 S.W.2d 121 (Tex.1976). It brings the entire case before the appellate court for review of all rulings of the trial court properly assigned as error. *Ward v. Scarborough,* 236 S.W. 441 (Tex.Com.App.1922, jdgmt adopted). Such a procedure is not available to a party who participated in the actual trial of the case in the lower court. Tex. Rev.Civ.Stat.Ann. art. 2249a (1971). An appellant on writ of error to review fundamental errors or legal errors in the judgment itself or in the trial leading to the judgment is not required to excuse his failure to appear at the trial, nor is he required to show a meritorious defense or cause of action. *Spears v. Brown,* 567 S.W.2d 544 (Tex.Civ.App.Texarkana 1978, not yet reported, writ filed); *Stafford Const. Co., Inc. v. Martin,* 531 S.W.2d 667 (Tex.Civ.App.El Paso 1975, no writ); and *Middlemas v. Wright,* 493 S.W.2d 282 (Tex.Civ.App.El Paso 1973, no writ).

■ When the error relied upon for reversal in a petition for writ of error is the trial court's refusal to set aside a judgment, entered on failure of the defendant to appear for trial, upon equitable grounds alleged in a motion for new trial filed with the trial court at a time when the trial court still retained jurisdiction over the judgment, the appellant must show that his failure to attend the trial was not intentional or the result of conscious indifference on his part, but was due to an accident or mistake, and he must set up a meritorious defense to the cause of action which forms the basis of the judgment. *Ivy v. Carrell,* 407 S.W.2d 212 (Tex.1966); *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124 (1939). In addition, the motion must be filed at a time when no material delay or other prejudice to the opposite party would result. If those requirements are met, the movant need not show a good excuse for his default, in a sense that he was free from negligence. *Ward v. Nava,* 488 S.W.2d 736 (Tex.1972). Only a slight excuse is required under such circumstances. *Craddock v. Sunshine Bus Lines,* supra.

■ A defendant such as White seeking relief from a judgment entered upon his failure to appear for trial is required to show in his motion for new trial that it is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *Craddock v. Sunshine Bus Lines,* supra. As a condition to the granting of his motion for new trial, a defendant such as White should be required to reimburse plaintiff for costs of suit incurred in obtaining the judgment. *United Beef Producers, Inc. v. Lookingbill,* 532 S.W.2d 958 (Tex.1976). White did not offer to reimburse Douglas for expenses incurred in obtaining the judgment under attack and under such circumstances he has not proven that the motion for new trial was filed at a time when the granting thereof would occasion no delay or otherwise work an injury to Douglas. *United Beef Producers, Inc. v. Lookingbill,* supra. Accordingly, the trial court did not err in refusing to set aside the judgment under attack. Under these circumstances it is not necessary for us to determine if White's failure to appear was intentional or the result of conscious indifference, nor is it necessary for us to determine if White "set up" a meritorious defense in his motion for new trial.

■ White next contends that the judgment from which the appeal has been perfected is void and of no force and effect. On August 29, 1977, the trial court rendered its first judgment, headed "Final Judgment." On September 27, 1977, the court rendered a second judgment, headed "Corrected Judgment." The two judgments were practically identical; however, the judgment headed "Corrected Judgment" did not provide for attorney's fees while the initial judgment headed "Final Judgment" provided that Douglas was to recover $1,350.00 as attorney's fees. White contends that the initial judgment providing for attorney's fees was void because attorney's fees were not recoverable under the circumstances and that the attempt to correct the void judgment was a nullity. This contention will be overruled. The trial

court retained jurisdiction to reform or set aside its first judgment for a period of 30 days following rendition. Rule 329b, Tex.R. Civ.P.; *B & M Mach. Co. v. Avionic Enterprises, Inc.,* 561 S.W.2d 558 (Tex.Civ.App. Texarkana 1978), rev'd per curiam, 566 S.W.2d 901 (Tex.1978). The record reflects that the second judgment reformed and, in effect, vacated the first judgment. Neither judgment was void. The mere fact that the trial court erroneously awarded attorney's fees in the first judgment does not render that judgment or the corrected judgment void.

The judgment of the trial court will be affirmed.