Marta SANCHEZ, Appellant,

v.

Jaime E. SANCHEZ, Appellee.

No. 7023.

Court of Civil Appeals of Texas,
El Paso.

Nov. 26, 1980.

Luis C. Labrado and Daniel Anchondo, El Paso, for appellant.

Carlos R. Escobar, El Paso, for appellee.

OPINION

OSBORN, Justice.

Marta Sanchez attempts to appeal from a second judgment entered in a divorce case.

Having concluded that we have no jurisdiction, the appeal is dismissed.

The trial Court originally heard the evidence in this case on December 19, 1979, and a Decree of Divorce was signed, filed and entered of record on January 16, 1980. That judgment granted the divorce, provided for custody and support of the parties' minor child, divided the community property and provided for payment of certain debts. A "MOTION TO SET ASIDE JUDGMENT AND FOR NEW TRIAL" was filed on January 29, 1980, and set for hearing on February 14, 1980. The hearing was actually held on February 19, 1980. At the end of the hearing, the Court announced that it would leave everything as it was in the January 16, 1980 judgment except for retirement benefits, a portion of which were awarded to Mrs. Sanchez. On March 31, 1980, the Judge signed a second decree of divorce with basically the same provisions as the January decree, but awarding to the wife a portion of the husband's civil service retirement benefits. This decree also ordered the wife to vacate the parties' home which had been awarded to the husband. On April 8, 1980, Appellant filed a Motion for New Trial. The Court set that motion for hearing on April 25, and it was overruled by an order signed April 29, 1980.

■ After the first judgment was entered on January 16, 1980, each party had ten days within which to file a motion for new trial. Rule 329b, Tex.R.Civ.P. The tenth day being a Saturday, the motion was not required to be filed until the next regular business day which was Monday, January 28th. The motion not being filed until the following day, it was not timely and could not extend the Court's jurisdiction over the judgment of January 16 for a period of more than thirty days from the date of the rendition of that judgment. *Transamerican Leasing Company v. Three Bears, Inc.*, 567 S.W.2d 799 (Tex.1978). Thus, at the end of thirty days, or on February 15, 1980, the judgment became final and the trial Court lost jurisdiction over the case. Any order granting the motion for new trial had to be in writing and signed by the trial Judge. *Walker v. Harrison*, 597 S.W.2d 913 (Tex.1980). The trial Court was without authority to hold any hearing on February 19, 1980, or to grant any further relief in the case. No bond was filed within thirty days after the first judgment was entered as required by Rule 356, Tex.R. Civ.P. See: *Dillard v. McClain*, 159 Tex. 559, 324 S.W.2d 163 (1959). Therefore, no appeal was ever perfected.

■ Even if the Court had acted within thirty days after the entry of the first judgment, the second judgment was still a nullity because only one judgment may be entered in a case and the second judgment did not purport to set aside or vacate the original judgment. Rule 301, Tex.R.Civ.P.; *Mullins v. Thomas*, 136 Tex. 215, 150 S.W.2d 83 (1941); *Beacon Homes, Inc. v. Aguilar*, 552 S.W.2d 506 (Tex.Civ.App.–El Paso 1977, no writ).

■ At the hearing on February 19, 1980, the trial Court stated:

I made a ruling the other day–the last time we had a hearing in this matter that the divorce was final. The other matter, I would take up here today. The matter as far as the managing conservator of the child was final. The only matter I would take up here today would be the division of community property.

The trial Court may, upon the entry of a proper order, sever some issues for a separate disposition and have a final judgment as to those issues which are decided. But, in a divorce case, the division of the property may not be severed from the granting of a divorce. *Adam v. Stewart*, 552 S.W.2d 536 (Tex.Civ.App.–Houston [14th Dist.] 1977, no writ).

■ Where the trial court does not have jurisdiction to render a judgment, the proper practice is for the reviewing court to set the judgment aside and dismiss the appeal. *Los Campeones, Inc. v. Valley International Properties, Inc.*, 591 S.W.2d 312 (Tex.Civ. App.–Corpus Christi 1979, no writ). Therefore, we set aside the judgment entered in this case on March 31, 1980, and dismiss the appeal, *sua sponte*.