**Arthur D. ERICSSON, M.D., Appellant,**

v.

**SPECTRA FINANCIAL CORPORATION,**
Appellee.

No. 01–86–00886–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 7, 1988.

Spencer H. Gardner, Jane Rubio, Houston, for appellant.

Ted A. Cox, Houston, for appellee.

Before WARREN, DUNN and COHEN, JJ.

COHEN, Justice.

Ericsson appeals by writ of error from a default judgment against him for $50,000 plus interest.

Suit arose from an agreement between Ericsson, Trand Corporation, and Dr. Arthur Turner on one side, and appellee ("Spectra") on the other side, in which Spectra pledged a $50,000 certificate of deposit to Allied Bank to secure a loan to Trand Corporation, as borrower, and Ericsson, as guarantor. Two parts of this agreement are pertinent to this appeal. They provide:

AGREEMENT made this Sixth day of January, 1984, between *TRAND Corporation, Dr. Arthur D. Ericsson and Dr. Arthur E. Turner, hereinafter referred to as TRAND* and SPECTRA Financial Corporation, hereinafter referred to as SPECTRA.

\* \* \* \* \* \*

(e) TRAND Corporation hereby guarantees SPECTRA repayment of the note (attached), principal of $50,000.00 and interest thereon, to Allied Bank of Texas and should SPECTRA lose ownership of its Certificate of Deposit through TRAND's default under the terms of the note agreement, TRAND Corporation, *Dr. Ericsson* and Dr. Arthur E. Turner *agree to pay and indemnify SPECTRA for any and all costs incurred in recovering the value of its Certificates of Deposit ($50,000.00 plus interest @ 9½% per annum).* (Emphasis supplied.)

This agreement was executed by Ericsson for Trand Corporation and in his individual capacity.

When neither Trand Corporation nor appellant repaid the loan, Spectra's certificate of deposit was used by the bank for repayment of the debt. Spectra demanded that Ericsson replace its certificate of deposit. Subsequently, Trand Corporation became

insolvent, and neither it nor Ericsson compensated Spectra for the $50,000 lost.

Spectra sued for $50,000, plus 9½ percent per annum interest from January 5, 1984, the date the certificate was pledged. Ericsson failed to answer, and default judgment was rendered for $50,000, plus interest, for a total judgment of $60,605.85, plus attorney's fees of $800.

In his first and second points of error, Ericsson contends that no evidence shows (1) that he guaranteed repayment of the underlying loan, or (2) that he agreed to repay Spectra the value of the $50,000 certificate of deposit with interest. In his third point of error, Ericsson contends that, as a matter of law, the agreement does not obligate him to pay the value of the certificate of deposit.

■ A petition for writ of error must be brought within six months of the date of judgment by a party who did not participate in the trial and must show that there is error apparent on the face of the record. Tex.R.App.P. 45; *Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex.1985). Appellant meets the first two requirements.

■ A petition for writ of error is a direct attack on a default judgment. *McKanna v. Edgar*, 388 S.W.2d 927, 928–29 (Tex.1965). Appellate review is of the same scope as an ordinary appeal, and all rulings properly assigned as error must be considered. *White v. Douglas*, 569 S.W.2d 635, 637 (Tex.Civ.App.—Texarkana 1978, writ ref'd n.r.e.). Assertions that the pleadings do not support the default judgment may be raised by writ of error. *Hillson Steel Prod., Inc. v. Wirth Ltd.*, 538 S.W.2d 162, 165 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ). If no liability exists as a matter of law on the facts alleged in the petition, the judgment will be set aside. *See Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 732 (Tex.1984); *Morales v. Dalworth Oil Co.*, 698 S.W.2d 772, 775–76 (Tex.App.—Fort Worth 1985, writ ref'd n.r.e.).

Thus, the issue is whether Spectra's pleadings support the judgment rendered. The sole basis of liability pleaded was the written agreement quoted above. If the agreement reflects on its face that Ericsson did not owe the $50,000 as liquidated damages, the judgment must be set aside.

Paragraph (e) of the agreement expressly states that only Trand Corporation, not "Trand," which includes appellant, guarantees repayment of the $50,000 and interest. It provides that if Spectra loses the certificate of deposit through Trand's default, then Trand Corporation, Dr. Ericsson, and Dr. Turner "agree to pay and indemnify SPECTRA for any and all costs incurred in recovering the value of its Certificates of Deposit ($50,000 plus interest @ 9½% per annum)." Costs incurred in recovering the value of the certificate of deposit are unliquidated. They may be more or less than $50,000. Their amount was not proved in the trial court, nor were such "costs" requested in Spectra's petition.[1]

We hold that Ericsson is responsible only for indemnifying Spectra for the costs incurred in recovering the value of its lost certificate of deposit. He is not liable, as a matter of law, to repay Spectra for its lost $50,000 and interest.

Points of error one, two, and three are sustained. In view of the fact that liability issues were not contested in the trial court, we remand for a hearing on damages alone. *Morgan v. Compugraphic*, 675 S.W.2d at 734; Tex.R.App.P. 81(b)(1).

The judgment is reversed, and the cause is remanded.

1. We assume that Spectra will amend its petition after remand to plead a cause of action for costs incurred in recovering the value of the certificate of deposit. *See* Tex.R.Civ.P. 301.