**Norman L. ANDERSON, Appellant,**

v.

**Donna Jean ANDERSON, Appellee.**

**No. 04–89–00015–CV.**

Court of Appeals of Texas,
San Antonio.

Feb. 28, 1990.

Joe Villarreal, Jr., Law Offices of Joe Villarreal, Jr., San Antonio, for appellant.

Kay Martinez, San Antonio, for appellee.

Before CADENA, C.J., and REEVES and CHAPA, JJ.

## OPINION

CHAPA, Justice.

This is an attempt to appeal from an order rendered in a divorce action. The dispositive issue is whether the trial court had jurisdiction to enter the orders of October 28, 1988 and November 22, 1988, which vacated a prior divorce decree entered on September 27, 1988 and made other dispositions regarding this case. We conclude that it did not, set aside both orders and dismiss the appeal.

The facts of the case show that the appellant is a resident of Texas. The appellee, however, and the two children of the marriage are residents of and are located in Florida, along with real and personal property of the marriage. The marriage was not entered into in Texas, was not consummated in Texas, nor were the children born in Texas.

The appellant filed suit in June of 1988 in Bexar County, Texas, seeking a divorce, custody determinations, child support determinations, division of property and division of the appellant's military retirement benefits.

The appellee responded by filing a special appearance and plea in abatement in August of 1988. An order was entered by the court, ordering that the special appearance be granted as to the person and property of the appellee and denying the plea in abatement.

On September 27, 1988, a decree of divorce was entered by Judge Fred Biery. The decree granted the divorce, ordered the appellant to pay child support, divided the appellant's military retirement benefits and personal property in Texas. However, the court found that it had no jurisdiction to enter an order of custody or to divide the Florida property of the marriage. The court found, nevertheless, that it could consider the Florida property in dividing the Texas property. As a result, the court set aside one hundred percent of the real and personal property in Florida for the appellee and awarded one hundred percent of the community debts, except for the home, to the appellant.

On September 28, 1988, the appellee again filed a special appearance with the court, which was set for hearing on October 4, 1988.

On October 28, 1988, Judge David Peeples entered an order vacating the prior order of September 27, 1988, except for that portion of the decree which granted the divorce between the parties.

On November 22, 1988, Judge Peeples entered an order finding that the state of Texas had no jurisdiction over the appellee and her property and finding that the state of Florida was the appropriate forum for all matters in controversy between the parties, specifically declining jurisdiction pursuant to section 11.57 of the Texas Family Code. In addition, the order reiterated that the September 27th decree of divorce was vacated, except that portion granting the divorce. Moreover, the appellee was awarded judgment for $1,500.00 in attorney's fees and the case was dismissed. The appellant appeals from the November 22nd order. The order of September 27th is not before this court.

The trial court loses plenary jurisdiction 30 days after judgment in the absence of a timely filed motion for new trial, *so any action taken after the expiration of 30 days from judgment would be a nullity.* TEX.R.CIV.P. Rule 329b.

*Jackson v. Van Winkle,* 660 S.W.2d 807, 808 (Tex.1983) (emphasis added).

On expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law ...

TEX.R.CIV.P. 329b(f).

 It is clear from the record that the original divorce decree was entered on September 27, 1988. Because no motion for new trial was filed by either party, the court lost plenary jurisdiction on October 27, 1988. Any action taken after that date was a nullity. TEX.R.CIV.P. 329b; TEX.R.CIV.P. 4. Therefore, the subsequent orders of October 28th, 1988 and November 22nd, 1988 were nullities.

While it is not contended that the special appearance filed on September 28, 1988 constituted a motion for new trial, to so hold would be inconsistent. *Liberty Enterprises, Inc. v. Moore Transp. Co.,* 690 S.W.2d 570, 571–72 (Tex.1985); *see also Grozier v. L–B Sprinkler & Plumbing Repair,* 744 S.W.2d 306, 311 (Tex.App.—Fort Worth 1988, writ denied). A motion for new trial seeks to invoke the authority of the court, while the special appearance necessarily challenges that same authority. *Grozier* at 311. In *Liberty Enterprises, Inc. v. Moore Transp. Co.,* 690 S.W.2d 570 (Tex.1985), the trial court had deemed Liberty's conduct a general appearance, contrary to its plea of special appearance when Liberty presented a motion for new trial. By filing a motion for new trial and agreeing to an order granting a new trial, Liberty was found to have subjected itself to the trial court's jurisdiction. As such, Liberty's actions constituted a general appearance and foreclosed any subsequent hearing on its special appearance. *Liberty* at 571–72. In the present case, the appellee did not seek to invoke the court's jurisdiction, but sought to contest the jurisdiction of the court. As a result, we hold that the special appearance filed did not constitute a motion for new trial.

 Where the trial court does not have jurisdiction to render a judgment, the proper practice is for the reviewing court to set the judgment aside and dismiss the appeal. *Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823 (1961); *Travelers Express Company, Inc. v. Winters,* 488 S.W.2d 890 (Tex.Civ.App.—El Paso 1972, writ ref'd n.r.e.).

Accordingly, the orders entered in this case on October 28th, 1988 and November 22nd, 1988 are set aside and the appeal is dismissed.