**Affirmed and Memorandum Opinion filed January 24, 2023.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-21-00247-CV

---

## DAVID F. LONGWOOD, D/B/A DESIGNER'S FURNITURE MANUFACTURING, Appellant

### V.

## SEALY NORTHWEST HOUSTON L.P., Appellee

---

**On Appeal from the 127th District Court
Harris County, Texas
Trial Court Cause No. 2020-10187**

---

### MEMORANDUM OPINION

Appellant David F. Longwood d/b/a Designer's Furniture Manufacturing files this restricted appeal from a default judgment. Appellant argues the trial court erred in granting default judgment because the lease agreement upon which the default judgment is based shows that the lease agreement is with a corporation and not Longwood individually. Appellant contends that the lease agreement establishes on its face that Designer's Furniture Manufacturing "was and remains a

valid corporate entity." Finally, appellant argues the affidavit supporting the default judgment was conclusory and therefore insufficient to support the default judgment. We affirm.

## RESTRICTED APPEAL STANDARD OF REVIEW

"When a party does not participate in person or through counsel in a hearing that results in a judgment, she may be eligible for a restricted appeal." *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014); *see also* Tex. R. App. P. 30. To sustain a proper restricted appeal, the filing party must prove four things: (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Pike-Grant*, 447 S.W.3d at 886. "The fourth requirement derives from case law and is not included in the rule's requirements." *Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020). The "face of the record" includes the reporter's record and the clerk's record. *See Pike-Grant*, 447 S.W.3d at 886–87; *see also Laas v. Williamson*, 156 S.W.3d 854, 857 (Tex. App.—Beaumont 2005, no pet.) ("[I]n a restricted appeal the 'face of the record' consists of all documents on file with the trial court at the time of judgment.").

We focus on the fourth requirement—whether error is apparent on the face of the record.

## AGENCY LIABILITY

Appellant argues that as "a threshold matter, [appellee's] default judgment taken against an officer of a corporation for liability incurred by the corporation is manifestly erroneous and cannot be sustained by a default judgment." Appellant

contends that this error is apparent on the face of the record because he executed the lease agreement in his capacity as president of Designer's Furniture Manufacturing. Appellant contends that the president of a corporation is not individually liable for the entity's breach of lease when the president signs such agreement in his capacity as a corporate officer. Appellant argues that absent fraud or sham, he cannot be held liable individually. Appellant further contends that appellee has failed to allege a basis for personal liability against him. We discuss these two related issues together.

## A. General Legal Principles

"Rules 45 and 47 of the Texas Rules of Civil Procedure require that pleadings give fair notice of the claim asserted." *Paramount Pipe & Supply Co., Inc. v. Muhr*, 749 S.W.2d 491, 495 (Tex. 1988). Pleadings shall "consist of a statement in plain and concise language of the plaintiff's cause of action . . . . That an allegation be evidentiary or be of legal conclusion shall not be grounds for an objection when fair notice to the opponent is given by the allegations as a whole." Tex. R. Civ. P. 45. An original petition shall contain "a short statement of the cause of action sufficient to give fair notice of the claim involved." Tex. R. Civ. P. 47. The "rules expressly countenance more general allegations . . . and the default judgment will stand if the plaintiff has alleged a claim upon which the substantive law will give relief, and has done so with sufficient particularity to give fair notice to the defendant of the basis of his complaint, even though he has stated some element or elements in the form of legal conclusions which will need to be revised if attacked by special exceptions." *Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex. 1979).

"Unless the parties have agreed otherwise, a person making or purporting to make a contract with another as agent for a disclosed principal does not become a

party to the contract." *A to Z Rental Ctr. v. Burris*, 714 S.W.2d 433, 436 (Tex. App.—Austin 1986, writ ref'd n.r.e.). If the principal remains undisclosed or if it is known that the person is acting as an agent, but the principal's identity is not disclosed, then the agent is a party to the contract. *Id.* The duty to disclose the principal lies with the agent. *Id.* "The party with whom the agent deals has no duty to discover the principal." *Burch v. Hancock*, 56 S.W.3d 257, 261 (Tex. App.—Tyler 2001, no pet.). When the agent only discloses the trade or assumed name of the principal, the agent is still personally liable because the agent "has the duty to disclose the name of his principal, not just the principal's assumed or trade name." *Burris*, 714 S.W.2d 437; *see also Burch*, 56 S.W.3d at 261–62 ("[T]he use of a tradename is generally insufficient disclosure of the principal's identity and the fact of agency so as to protect the agent against personal liability.").

## B. Background

Appellee sued appellant for breach of a lease agreement. Appellee attached the lease agreement to the petition. The lease agreement shows that "Designer's Furniture Manufacturing, a Texas Corporation" is a party to the lease agreement. The lease agreement was signed by David F. Longwood, as president of Designer's Furniture Manufacturing. Appellee alleged in the petition that:

> Defendant Designer's Furniture Manufacturing was not a Texas corporation when the Lease was executed. Designer's Furniture Manufacturing has never existed as a Texas corporation. Defendant Longwood entered the Lease as an agent in the name of a non-existent and/or fictitious corporation. Therefore, Longwood entered the Lease with [appellee] individually and is individually liable on the Lease.

Appellee further alleged that appellant executed the lease agreement.

## C. Analysis

Appellant argues that appellee failed to state a claim against appellant

4

because it failed to define the terms "fictitious" or "non-existent," arguing such terms are "ambiguous" and "amorphous." Appellant further contends that appellee "does not indicate whether Designer's 'fictitious' label was due to Designer's lack of corporate status, whether Designer's has merely failed to maintain an assumed name certificate, or that Designer's corporate activities are allegedly so intermingled with Longwood's such that he should be considered Designer's alter-ego." However, appellant fails to cite to any authority requiring such allegations to be contained in the pleadings. Under the Rules of Civil Procedure, appellant is entitled to fair notice of the claims against him. *See* Tex. R. Civ. P. 45, 47.

Appellee contends that appellant was given fair notice in the pleading of the claim asserted against him and the pleading supports the trial court's judgment. *See Paramount Pipe & Supply Co., Inc. v. Muhr*, 749 S.W.2d 491, 495 (Tex. 1988). In *Muhr*, the court explained its basis for upholding a default judgment against both parties:

> In our cases, two oil and gas equipment suppliers sued Western International and Ulrich Muhr for materials and services accepted by Western International. The petitions alleged that Western International acted "for itself and as agent for" Muhr; Western International "acting for itself and for" Muhr accepted such materials and services; demand was made on Western International; and defendants refused to pay. The prayers were for judgments against both defendants.
>
> . . . . [W]e hold today that the original petitions at issue, each as a whole, provided fair notice to Ulrich Muhr of the claims asserted. While the petitions may have been subject to attack by special exceptions, they satisfy the fair notice requirement.

*Id*. Similarly in this case, the petition alleges that at the time the lease was executed that Designer's Furniture Manufacturing did not exist and has never existed as a Texas corporation. Appellee alleged that "Longwood entered the

5

Lease as an agent in the name of a non-existent and/or fictitious corporation. Therefore, Longwood entered the Lease with [appellee] individually and is individually liable on the Lease."[1] *See Burris*, 714 S.W.2d 436 ("If Burris had entered into any contracts with Rental before either corporation came into existence, he would have been personally liable under the general rule that one who contracts as an agent in the name of a nonexistent or fictitious principal, or a principal without legal status or existence, renders himself personally liable on those contracts." (citing *Carter v. Walton*, 469 S.W.2d 462, 471 (Tex. App.—Corpus Christi–Edinburg 1971, writ ref'd n.r.e.))).

Appellant contends that he cannot be held individually liable on the lease agreement citing *Ericsson v. Spectra Financial Corporation*, 743 S.W.2d 763 (Tex. App.—Houston [1st Dist.] 1998, no writ). However, *Ericsson* did not discuss an agency theory of liability and is distinguishable on that basis. *See id*. There was no allegation in *Ericsson* that the corporate entity that executed the lease agreement did not exist and never existed. *See id*.

We conclude the pleadings gave appellant fair notice of the claim asserted against him. *See id.*; *Edwards Feed Mill, Inc. v. Johnson*, 311 S.W.2d 232, 315–17 (Tex. 1958) (holding that pleading provided fair notice of alleged partnership liability and affirming default judgment). Concluding that appellee asserted a claim against appellant in his individual capacity, as an agent for a nonexistent principal, and that appellant had fair notice of that claim, we overrule these issues.

---

[1] Appellant does not dispute that Designer's Furniture Manufacturing has never been a Texas corporation. Although not contained anywhere in the record, in his brief appellant states that "Designer's Furniture Manufacturing a Texas corporation also known as Regency Purchasing, Inc. . . . . Regency Purchasing, Inc. registered the assumed name Designer's Furniture Manufacturing with the Texas Secretary of State." Later in the brief, appellant indicates that appellant "Longwood sold the stock of Regency Purchasing, Inc. d/b/a Designer's Furniture Manufacturing." However, since error must be apparent on the face of the record in a restricted appeal, these unverified statements cannot be considered.

**SUFFICIENCY OF AFFIDAVIT**

Appellant next contends the affidavit to support appellee's default judgment motion is conclusory and cannot support the judgment against him. Appellant argues that because the affidavit is conclusory, it is defective and cannot support a default judgment as a matter of law.

Appellant cites cases to support his argument that the "legal conclusions" set out in the affidavit are insufficient to establish appellant's individual liability as a matter of law. *See Calderoni v. Vasquez*, No. 03-11-00537-CV, 2012 WL 2509802 (Tex. App.—Austin June 26, 2012, no pet.) (mem. op.); *C & H Transp. Co. v. Wright*, 396 S.W.2d 443 (Tex. App.—Tyler 1965, writ ref'd n.r.e.). In *Calderoni* the court reviewed the pleadings and determined that the petition "focused exclusively on the conduct" of two of the defendants and the plaintiff did not allege "actual involvement" by the third defendant "in any fraudulent acts." *Id.* at *4. Even though the plaintiff pleaded the elements of its claims against all the "defendants," this was not enough to allege a cause of action against the third defendant because there were no factual allegations to support that the third defendant committed any fraud or participated in the fraud in any way. *Id.* at *5. The court held "there is error on the face of the record because [the plaintiff's] petition does not contain sufficient factual allegations to state a cause of action against [the third defendant], nor is there any evidence that could support an award of unliquidated damages if liability was established." *Id.* at *8.

*Calderoni* did not weigh the evidence and determine the sufficiency; instead it merely looked to the petition to determine whether a claim was asserted against the defaulting defendant. *See id.* at *4; *see also Muhr*, 749 S.W.2d at 496 ("[A] petition providing fair notice of the claims asserted, absent other deficiencies, will support a default judgment."). *Calderoni* provides no support for appellant's

7

argument that error is apparent on the face of the record because the affidavit supporting default judgment is alleged to be conclusory.

Because a non-answering party admits the facts properly pleaded, discussion of appellee's affidavit is unnecessary. *See Muhr*, 749 S.W.2d at 496 ("[A]s to default judgments, the non-answering party has 'admitted' the facts properly pleaded and the justice of the opponent's claim."); *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex. 1984) ("[A] judgment taken by default on an unliquidated claim admits all allegations of fact set out in the petition, except the amount of damages. . . . if the facts set out in the petition allege a cause of action, a default judgment conclusively establishes the defendant's liability."); *see also Herbert v. Greater Gulf Coast Enters., Inc.*, 915 S.W.2d 866, 872 (Tex. App.—Houston [1st Dist.] 1995, no writ) ("A defendant admits all allegations of fact except unliquidated damages.").

Appellant admitted by default the existence of the contract, appellee's performance, appellant's default in payment, that Designer's Furniture Manufacturing was not a Texas corporation at the time the lease was executed, that Designer's Furniture Manufacturing has never existed as a Texas corporation, that appellant entered into the lease agreement as an agent of a non-existent corporation, and that appellant signed the lease agreement. *See Herbert*, 915 S.W.2d at 872; *see also Muhr*, 749 S.W.2d at 496. These admissions are sufficient to establish appellant's individual liability on the lease agreement. *See Burris*, 714 S.W.2d at 437.

We overrule appellant's third issue.

8

## Conclusion

Having overruled appellant's issues on appeal, we affirm the trial court's judgment.

/s/    Ken Wise
        Justice

Panel consists of Justices Wise, Poissant, and Wilson.