

# IN THE
# TENTH COURT OF APPEALS

## No. 10-22-00036-CV

**ADAM S. HOWELL,**

                                                **Appellant**

**v.**

**DYCK-O'NEAL, INC., ASSIGNEE OF BANK OF AMERICA, N.A.
SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP
F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP,**

                                              **Appellees**

---

**From the 40th District Court
Ellis County, Texas
Trial Court No. 104288**

---

## OPINION

In four issues, appellant, Adam S. Howell, contends the trial court abused its discretion in denying a motion to vacate in a proceeding to domesticate a foreign judgment. Because Howell did not timely challenge the enforcement of the foreign

judgment, we conclude that the trial court lacked jurisdiction to consider the motion to vacate, and as such, we dismiss the appeal for lack of jurisdiction.

## Background

On January 10, 2013, a Kentucky circuit court awarded Bank of America, N.A. successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP ("Bank of America") a personal judgment against Howell based on a balance due under a note and mortgage for a fixed sum of damages and the sum assessed in the judicial foreclosure of real property. Bank of America then assigned the judgment to GMAT Legal Title Trust 2013-1, who then assigned the judgment to appellee, Dyck-O'Neal, Inc. ("DONI"). Because Howell resided in Texas, DONI petitioned to domesticate the Kentucky judgment in Texas state court on September 17, 2020. Six days later, DONI mailed a "Notice of Filing of Foreign Judgment" to Howell at his last known address.

On February 11, 2021, 147 days after DONI filed the Kentucky judgment in Texas, Howell filed a motion to vacate the September 17, 2020 domesticated judgment, arguing that the Kentucky judgment was not properly authenticated, the Kentucky judgment is not final, and that he was never served with the Kentucky lawsuit, among other things. DONI responded that Howell's motion to vacate was untimely, that Howell was served properly under Kentucky law, and that the Kentucky judgment was final under Kentucky law.

After a hearing, the trial court denied Howell's motion to vacate. At the request of Howell, the trial court entered findings of fact and conclusions of law. This appeal followed.

**Analysis**

"A filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, enforcing, or satisfying a judgment as a judgment of the court in which it is filed." TEX. CIV. PRAC. & REM. CODE ANN. § 35.003(c). Thus, a valid foreign judgment filed in Texas instantly creates an enforceable and appealable Texas judgment. *Dear v. Russo*, 973 S.W.2d 445, 448 (Tex. App.—Dallas 1998, no pet.) (citing *Moncrief v. Harvey*, 805 S.W.2d 20, 23 (Tex. App.—Dallas 1991, no writ)); *see Walnut Equip. Leasing Co., Inc. v. Wu*, 920 S.W.2d 285, 286 (Tex. 1996) (per curiam); *Mitchim v. Mitchim*, 518 S.W.2d 362, 364 (Tex. 1975) (noting that a foreign judgment that appears valid and final makes a prima facie case for the party seeking to enforce it, and the burden is on the resisting party to prove the judgment is not valid or final).

Because courts treat a domesticated foreign judgment as a Texas final judgment, a trial court has plenary power to vacate a judgment within thirty days after the judgment is signed. *See* TEX. R. CIV. P. 329b(c); *see also BancorpSouth Bank v. Prevot*, 256 S.W.3d 719, 725 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (noting that the filing of a Mississippi judgment in Texas instantly created an enforceable, final Texas judgment and that the

trial court's plenary power expired thirty days after filing because no party timely filed a post-judgment motion attacking the judgment); *Malone v. Emmert Indus. Corp.*, 858 S.W.2d 547, 548 (Tex. App.—Houston [14th Dist.] 1993, writ denied); *Moncrief*, 805 S.W.2d at 23-24. However, once the trial court's plenary power expires, the trial court may not vacate a domesticated foreign judgment except with a timely-filed bill of review. *See BancorpSouth Bank*, 256 S.W.3d at 725 (citing TEX. R. CIV. P. 329b(f); *Urso v. Lyon Fin. Servs., Inc.*, 93 S.W.3d 276, 279-80 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *Markham v. Diversified Land & Exploration Co.*, 973 S.W.2d 437, 440 (Tex. App.—Austin 1998, pet. denied); *Malone*, 858 S.W.2d at 548).

Here, DONI filed the Kentucky final judgment in Texas state court on September 17, 2020, instantly creating an enforceable, final Texas judgment. Howell did not file his motion to vacate until 147 days later on February 26, 2021. Because Howell did not file his motion to vacate within thirty days of September 17, 2020, and because he did not file a timely bill of review, the trial court erred in addressing Howell's motion to vacate because its plenary power expired.

When a trial court acts on a foreign judgment outside of its plenary power, the action is a nullity. *See Bahr v. Kohr*, 928 S.W.2d 98, 100 (Tex. App.—San Antonio 1996, writ denied) (citing *Walnut Equip. Leasing Co., Inc.*, 920 S.W.2d at 286). The reviewing court has no jurisdiction to address the subsequent appeal from the untimely trial court action on the foreign judgment. *Id.* (stating that an appellate court's jurisdiction extends

no further than the jurisdiction of the trial court (citing *Pearson v. State*, 159 Tex. 66, 315 S.W.2d 935, 938 (1958); *Anderson v. Anderson*, 786 S.W.2d 79, 81 (Tex. App.—San Antonio 1990, no writ))). Accordingly, in this instance, the reviewing court must set aside the improper judgment and dismiss the appeal. *Id.* (citing *Anderson*, 786 S.W.2d at 81; *Sanchez v. Sanchez,* 609 S.W.2d 307, 308 (Tex. App.—El Paso 1980, no writ)).

Because the trial court erred in addressing Howell's motion to vacate outside of its plenary power, we set aside the October 27, 2021 order denying Howell's motion to vacate and the corresponding findings of fact and conclusions of law and dismiss this appeal for lack of jurisdiction. *See id.*; TEX. R. APP. P. 43.2(e) (providing that a court of appeals may "vacate the trial court's judgment and dismiss the case"); *Anderson*, 786 S.W.2d at 81; *Sanchez*, 609 S.W.2d at 308; *see also De Lage Landen Fin. Servs. v. M.D.H. Oilfield Servs. LLC*, No. 02-22-00139-CV, 2023 Tex. App. LEXIS 2108, at *9 (Tex. App.—Fort Worth Mar. 30, 2023, no pet.) (mem. op.) (holding that the trial court was without plenary jurisdiction to grant an untimely amended motion to vacate a foreign judgment, vacating the trial court's order granting the amended motion to vacate, and dismissing the appeal for want of jurisdiction).

MATT JOHNSON
Justice

Before Chief Justice Gray
   Justice Johnson, and
   Justice Smith
(Chief Justice Gray dissenting)
Dismissed
Opinion delivered and filed June 14, 2023
[CV06]

