

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00274-CV

---

MICHAEL DERETA, APPELLANT

V.

MAX R. TARBOX, APPELLEE

---

On Appeal from the 72nd District Court
Lubbock County, Texas
Trial Court No. 2019-537,639, Honorable John C. Grace, Presiding

---

June 3, 2025

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant Michael Dereta appeals a no-answer default judgment in favor of appellee Max R. Tarbox. We set aside the judgment and dismiss the appeal.

**BACKGROUND**

In November of 2019, Standard Construction LLC ("Standard") filed the underlying lawsuit against CNC Fabrication and Maintenance, Inc., ("CNC") and Abilene Aero Inc. alleging that CNC had failed to pay Standard for concrete work it performed. Standard filed a motion for summary judgment which the trial court granted in November of 2020,

awarding Standard a judgment in the amount of $146,667.08, plus post-judgment interest and costs. In December of 2020, Standard nonsuited its claims against Abilene Aero, resulting in a final judgment.

In October of 2021, Standard moved for the appointment of a receiver pursuant to the Texas turnover statute. The trial court appointed Tarbox as receiver on October 8, 2021. In his efforts to collect Standard's judgment, Tarbox enlisted the assistance of Dereta, who was acquainted with CNC's owner, Charles Choate, and who leased premises where some of CNC's assets were located. Dereta's aid led to Tarbox recovering a small amount of property owned by CNC.

In November of 2021, Choate filed a voluntary petition for bankruptcy.[1] During the bankruptcy proceedings, Choate testified that he transferred some or all of CNC's assets to Dereta. Tarbox then filed a petition to avoid fraudulent transfer against Dereta in August of 2023. The petition was filed by Tarbox as a "subsidiary action" in Cause Number 2019-537,639, the original lawsuit brought by Standard against CNC. Dereta was served but did not answer. The trial court entered a default judgment against Dereta on June 12, 2024. Dereta filed a motion to set aside the default judgment, which was denied following a hearing. Dereta then brought this appeal.

## ANALYSIS

Dereta contends the trial court erred in granting the default judgment against him because (1) the trial court's plenary power had already expired and (2) the trial court did

---

[1] The debtor is identified as Charles Nathan Choate "dba CNC Fabrications & Maintenance, Inc." The bankruptcy court entered an order approving Choate's waiver of discharge in May of 2022.

not hold a hearing or otherwise consider evidence to support the award of unliquidated damages. He further claims that he met all of the elements of the *Craddock*[2] standard and should have been granted a new trial. We find that Dereta's first issue on appeal is dispositive.

Expiration of Plenary Power

Summary judgment against CNC was signed by the trial court on November 12, 2020. The trial court then entered an order on December 15, 2020, dismissing defendant Abilene Aero, Inc., which disposed of all parties and issues in the case. The trial court's plenary power to modify its judgment expired thirty days later, on January 14, 2021. *See* Tex. R. Civ. P. 329b (trial court's plenary power expires thirty days from date judgment is signed if no action is taken that would extend plenary jurisdiction period). Generally, a trial court lacks power to act in a case after plenary power expires. *Custom Corps., Inc. v. Sec. Storage, Inc.*, 207 S.W.3d 835, 839 (Tex. App.—Houston [14th Dist.] 2006, no pet.). "Judicial action taken after the court's jurisdiction over a cause has expired is a nullity." *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam).

However, even after its plenary power has expired, a trial court retains inherent power to enforce its judgments. *See* Tex. R. Civ. P. 621. Tarbox contends that the trial court had jurisdiction to enter a judgment against Dereta pursuant to the receivership statute. Therefore, we next consider whether the post-judgment proceedings in this case operated to extend the trial court's power.

---

[2] *See Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124, 126 (Tex. 1939).

3

<u>Effect of Post-Judgment Proceeding</u>

"Unlike plenary power, which generally only lasts for thirty days after final judgment, a trial court's post-judgment enforcement powers 'can last until the judgment is satisfied.'" *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co., L.P.*, 540 S.W.3d 577, 581 (Tex. 2018) (quoting *Black v. Shor*, 443 S.W.3d 170, 176 (Tex. App.—Corpus Christi 2013, no pet.)). Standard, the plaintiff and judgment creditor in the underlying suit, sought post-judgment relief pursuant to section 31.002 of the Texas Civil Practice and Remedies Code, the Texas turnover statute, requesting that the trial court enter a turnover order and appoint a receiver.[3] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(a), (b)(3). The purpose of the turnover statute is to assist a judgment creditor in reaching the property of a judgment debtor to obtain satisfaction on a judgment. *See id.* at § 31.002(a) (providing aid for judgment creditor "to reach property . . . if the judgment debtor owns property . . . ."). Turnover proceedings are purely procedural in nature. *Alexander Dubose*, 540 S.W.3d at 585. The trial court has no discretion to determine the substantive rights of parties and non-judgment debtors in a turnover proceeding. *See id.* at 540 S.W.2d at 583; *see also Ex parte Swate*, 922 S.W.2d 122, 126 (Tex. 1996) (Gonzalez, J., concurring) ("A turnover order is not a substitute for established remedies allowing a creditor to reach property owned by the judgment debtor claimed to be in the possession of a stranger to the lawsuit."); *Cravens, Dargan & Co. v. Peyton L. Travers Co., Inc.*, 770 S.W.2d 573, 576–77 (Tex. App.—Houston [1st Dist.]

---

[3] In his brief, Tarbox asserts that the trial court's jurisdiction arises from chapter 64 of the Civil Practice and Remedies Code, which provides for the appointment of receivers. However, the trial court's order is clear that Tarbox was appointed pursuant to section 31.002.

1989, writ denied) (turnover statute is not device through which ownership of property can be determined).

In *Alexander Dubose*, the Texas Supreme Court explained that "the turnover statute has no provision conferring authority on trial courts to decide the substantive rights of the parties properly before it in a turnover proceeding, let alone the rights of strangers to the underlying judgment." *Alexander Dubose*, 540 S.W.3d at 585. Here, Dereta was not a party to the original lawsuit and is a "stranger to the underlying judgment," which became final almost three years before Tarbox named him as a party defendant in the proceeding. We do not find, and Tarbox has not provided, any authority in the turnover statute or elsewhere for its use in the manner employed in this case. Nothing in the language of section 31.002 allows a judgment creditor to obtain post-judgment relief from anyone other than the judgment debtor.

By allowing Tarbox to pursue a claim against Dereta as a party defendant in the post-judgment turnover proceeding, the trial court adjudicated the rights of a third party to contested property, improperly enlarging the scope of the turnover statute. *See, e.g., Republic Ins. Co. v. Millard*, 825 S.W.2d 780, 783 (Tex. App.—Houston [14th Dist.] 1992, orig. proceeding) (judgment creditor could not use turnover proceeding to force third party to litigate bad faith claim in court issuing turnover order); *Daniels v. D & M Constr. Co.*, No. A14-92-00277-CV, 1992 Tex. App. LEXIS 3208, at *5 (Tex. App.—Houston [14th Dist.] Dec. 23, 1992, no writ) ("Where there has been a fraudulent transfer and property ownership has already been transferred, or where the ownership of the property is the principle [sic] issue in the case, turnover relief is not available."). Because the trial court

5

is precluded from expanding the turnover procedure beyond its purely procedural nature, we conclude that the trial court acted outside its jurisdiction.

While it is unnecessary to appeal from a void judgment, it is nevertheless settled that an appeal may be taken and the appellate court in such a proceeding may declare the judgment void. *Fulton v. Finch*, 346 S.W.2d 823, 827 (Tex. 1961). Because the trial court lacked jurisdiction to adjudicate Dereta's rights to contested property through a turnover proceeding, the trial court's judgment is a nullity.

## CONCLUSION

We declare the trial court's default judgment signed on June 11, 2024, void. We dismiss this appeal. *See Sanchez v. Sanchez*, 609 S.W.2d 307, 308 (Tex. App.—El Paso 1980, no writ) (when trial court acts outside its jurisdiction, proper action by reviewing court is to set aside judgment and dismiss appeal).

Judy C. Parker
Justice

6