PARAMOUNT PIPE & SUPPLY CO., INC., Petitioner,

v.

Ulrich MUHR, Respondent.

WINTERS FLEXLINE SERVICE CO., Petitioner,

v.

Ulrich MUHR, Respondent.

Nos. C–7067, C–7068.

Supreme Court of Texas.

May 11, 1988.

Marc O. Knisely and Robert C. Alden, McGinnis, Lochridge & Kilgore, Austin, Don Johnson, Johnson, Jones & Autry, Coleman, Travis Hartgraves, Abilene, for petitioner.

W.K. Rutledge and Evans S. Rutledge, Rutledge & Rutledge, Abilene, for respondent.

KILGARLIN, Justice.

These causes concern the validity of two default judgments. Paramount Pipe & Supply Co., Inc. and Winters Flexline Service Company are oil and gas field equipment suppliers. In separate lawsuits (consolidated for argument in our court), Paramount Pipe and Winters Flexline sued Western International Petroleum Corporation and Ulrich Muhr, seeking payment for materials and services furnished in connection with the drilling and operation of oil and gas wells. Paramount Pipe and Winters Flexline also sought foreclosure of mechanics' and materialmen's liens.

Neither Western International nor Ulrich Muhr filed an answer. The trial court rendered default judgments in both cases ($16,825.21 plus interest, and $4,000 attorney's fees for Paramount Pipe; $21,688.98 plus interest, and $7,000 attorney's fees for Winters Flexline). Ulrich Muhr appealed by writ of error. Western International did not seek relief from the default judgments. The court of appeals reversed and remanded for new trial Paramount Pipe's claims against Muhr on the basis that the pleadings failed to provide fair notice to Ulrich Muhr of the claims asserted. 737 S.W.2d 385. In a separate unpublished opinion, the court of appeals similarly reversed and remanded Winters Flexline's claims. We reverse the judgments of the court of appeals and affirm the judgments of the trial court.

Our initial inquiry is whether Ulrich Muhr had fair notice of the claims against him. Paragraph II of Paramount Pipe's original petition alleged that "[t]he cause of action asserted by Plaintiff arises from and is connected with purposeful acts committed by Defendant Western International Petroleum Corporation, acting for itself and as agent for Defendant Ulrich Muhr." Paragraph III alleged:

Between the dates of October 29, 1985 and November 14, 1985 the Plaintiff, at the special instance and request of Defendant Western International Petroleum Corporation, performed services and provided materials to mineral leasehold properties situated in Callahan County, Texas, identified as the "Moon Lease", and described in EXHIBIT "A", attached hereto and incorporated herein by reference, and Defendant Western International Petroleum Corporation, acting for itself and for Defendant Ulrich Muhr, accepted such services and materials and became bound to pay the reasonable charges therefor. Defendants breach of said obligation to pay for such services and materials is the basis for the filing of Plaintiff's Sworn Statement of Lien and of Plaintiff's cause of action herein.

Paragraphs IV and V alleged full performance and presentment by Paramount Pipe. Paragraphs VII—X made the same allegations with respect to the Creswell Lease. Paragraph XI alleged:

Plaintiff would further allege and show, independently of and alternatively to the matters contained hereinabove, that the Defendants are acting in concert to preclude Plaintiff from recovery herein for the sums due and owing to Plaintiff. Defendant Western International Petroleum Corporation has executed certain Assignments of Oil, Gas and Mineral Leases, which expressly cover the Moon and Creswell Leases, and which Assignments serve to transfer all of Western International Petroleum Corporation's rights in the leases to Ulrich Muhr, as security for a certain indebtedness owed to Ulrich Muhr. Plaintiff would allege that the Defendant, Ulrich Muhr, knew or reasonably should have known of the business activities of Defendant Western International Petroleum Corporation in connection with mineral development of the Moon and Creswell Leases, and that Western International Petroleum Corporation was acting as agent for and under the authority of Ulrich Muhr.

Paramount Pipe sought, among other forms of relief, a judgment against "Defendants, jointly and severally." Paramount Pipe attached invoices and lien statements to the petition, neither of which mentioned Ulrich Muhr.

Drafted by the same attorney, Winters Flexline's original petition used virtually

identical language. Paragraph II alleged that "[t]he cause of action asserted by Plaintiff arises from and is connected with purposeful acts committed by Defendant Western International Petroleum Corporation, acting for itself and as agent for Defendant Ulrich Muhr." Paragraph III alleged:

> On or about November 18, 1985, the Plaintiff, at the special instance and request of Defendant Western International Petroleum Corporation, performed services and provided materials to mineral leasehold properties situated in Callahan County, Texas, identified as the "Harris Lease", and described in EXHIBIT "A", attached hereto and incorporated herein by reference, and Defendant Western International Petroleum Corporation, acting for itself and for Defendant Ulrich Muhr, accepted such services and materials and became bound to pay the reasonable charges therefor. Defendants breach of said obligation to pay for such services and materials is the basis for the filing of Plaintiff's Sworn Statement of Lien and of Plaintiff's cause of action herein.

Paragraphs IV and V alleged full performance and presentment by Winters Flexline. Paragraphs VII—X and XI—XIV made the same allegations with respect to the Creswell and Moon Leases. Paragraph XV alleged:

> Plaintiff would further allege and show, independently of and alternatively to the matters contained hereinabove, that the Defendants are acting in concert to preclude Plaintiff from recovery herein for the sums due and owing to Plaintiff. Defendant Western International Petroleum Corporation has executed certain Assignments of Oil, Gas and Mineral Leases, which expressly cover the Harris, Moon and Creswell Leases, and which Assignments serve to transfer all of Western International Petroleum Corporation's rights in the leases to Ulrich Muhr, as security for a certain indebtedness owed to Ulrich Muhr. Plaintiff would allege that the Defendant, Ulrich Muhr, knew or reasonably should have known of the business activities of Defendant Western International Petroleum Corporation in connection with mineral development of the Harris, Moon and Creswell Leases, and that Western International Petroleum Corporation was acting as agent for and under the authority of Ulrich Muhr.

Winters Flexline sought, among other forms of relief, a judgment against "Defendants, jointly and severally." Winters Flexline attached invoices and lien statements to the petition, neither of which mentioned Muhr.

In *Stoner v. Thompson,* 578 S.W.2d 679, 684–85 (Tex.1979), we wrote that while a petition which serves as the basis for a default judgment may be subject to special exceptions, the default judgment will be held erroneous only if (1) the petition (or other pleading of the non-defaulting party that seeks affirmative relief) does not attempt to state a cause of action that is within the jurisdiction of the court, or (2) the petition (or pleading for affirmative relief) does not give fair notice to the defendant of the claim asserted, or (3) the petition affirmatively discloses the invalidity of such claim. Ulrich Muhr first argues that the second of the above conditions operates to render the instant default judgment erroneous: he submits that the pleadings did not provide fair notice of the claims asserted.

Rules 45 and 47 of the Texas Rules of Civil Procedure require that pleadings give fair notice of the claim asserted. Rule 45 mandates plain and concise language and provides that the fact "[t]hat an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole." Rule 47 requires that an original pleading include "a short statement of the cause of action sufficient to give fair notice of the claim involved." The purpose of the fair notice requirement is to provide the opposing party with sufficient information to enable him to prepare a defense. *Roark v. Allen,* 633 S.W.2d 804, 810 (Tex.1982).

Rule 45 does not require that the plaintiff set out in his pleadings the evidence

upon which he relies to establish his asserted cause of action. *Edwards Feed Mill v. Johnson*, 158 Tex. 313, 317, 311 S.W.2d 232, 234 (1958). In *Stoner*, we quoted 4 McDonald, *Texas Civil Practice* § 17.23.3 at 120 (1971), as follows:

> The rules expressly countenance more general allegations than formerly were permitted, and the default judgment will stand if the plaintiff has alleged a claim upon which the substantive law will give relief, and has done so with sufficient particularity to give fair notice to the defendant of the basis of his complaint, even though he has stated some element or elements in the form of legal conclusions which will need to be revised if attacked by special exceptions.

*Stoner*, 578 S.W.2d at 683.

*Edwards* presented facts similar to those of our case. In *Edwards*, a feedmill sued, for feed sold, a father and son on a promissory note signed only by the son. The plaintiff alleged that the father and son were partners; the son executed the promissory note; demands were made upon the defendants; and the defendants refused to pay. The prayer was for judgment against both defendants.

In our cases, two oil and gas equipment suppliers sued Western International and Ulrich Muhr for materials and services accepted by Western International. The petitions alleged that Western International acted "for itself and as agent for" Muhr; Western International "acting for itself and for" Muhr accepted such materials and services; demand was made on Western International; and defendants refused to pay. The prayers were for judgments against both defendants.

In *Edwards*, we held that the pleadings provided fair notice. Similarly, we today hold that the original petitions at issue, each as a whole, provided fair notice to Ulrich Muhr of the claims asserted. While the petitions may have been subject to attack by special exceptions, they satisfy the fair notice requirement.

■ Ulrich Muhr also argues that the petitions affirmatively disclosed the invalidity of Paramount Pipe and Winters Flexline's claims. *See Stoner*, 578 S.W.2d at 685. Muhr appears to base this argument on the fact that the invoices attached to the petition do not specifically mention Muhr. *See Cecil v. Hydorn*, 725 S.W.2d 781 (Tex. App.—San Antonio 1987, no writ) (where attached agreement differed from the agreement described in the petition, exhibit governed and pleadings held not to support default judgment); *Hancock v. OK Rental Equipment Co.*, 441 S.W.2d 955 (Tex.Civ. App.—San Antonio 1969, no writ) (where attached invoices showed accounts due from business entity and not individual, and petition did not otherwise allege or disclose relationship between the two, petition as a whole held not to support default judgment). Unlike the above cases, however, the petitions in our cases allege a relationship: agency. The fact that the invoices do not specifically mention Muhr is not dispositive in his favor. Rather, in light of the agency allegations, the invoices actually support the cause of action stated in each petition. We find nothing in the petitions affirmatively disclosing invalidity of the claims alleged by Paramount Pipe and Winters Flexline against Muhr.

Because of its disposition on "fair notice" grounds, the court of appeals did not rule on several of the points of error raised by Muhr. As the points are within our jurisdiction we will dispose of them rather than remand to the court of appeals. *McKelvy v. Barber*, 381 S.W.2d 59, 64 (Tex.1964).

■ First, Muhr complains of improper service of citation. Muhr admits he was served with citation in Arizona pursuant to Tex.R.Civ.P. 108. However, according to Muhr, service under Rule 108 was insufficient to subject him to personal jurisdiction in the district court below. We agree that service under Rule 108 does not, by itself, confer jurisdiction over non-resident defendants. However, Rule 108 is a valid procedural alternative to service under the long-arm statute. Tex.Civ.Prac. & Rem. Code §§ 17.041–17.045 (Vernon 1986). We further reject Muhr's contention that Rule 108 impermissibly abridges substantive rights. *See* Carlson, *General Jurisdiction and the Exercise of In Personam Juris-*

*diction Under the Texas Long–Arm Statute,* 28 S.Tex.L.Rev. 307, 328–30 (1986). So long as the allegations confronting Muhr were sufficient to satisfy due process requirements, the trial court had jurisdiction to render judgment by default against him. The only question, then, is whether the jurisdictional allegations in the petitions were sufficient, under the Constitution of the United States, to require Muhr to answer. Tex.R.Civ.P. 108.

The petitions in both cases alleged that the defendants, including Muhr, engaged in business in Texas and further that the causes of action arose from and were connected with "purposeful acts committed by Defendant Western International Petroleum Corporation, acting for itself and as agent for Defendant Ulrich Muhr." The petitions went on to allege, in substance, that Western International made and breached contracts in Texas as Muhr's agent and on his behalf. These allegations against Western International (which, by default, admittedly was acting for Muhr) are sufficient to satisfy the rule stated in *Siskind v. Villa Foundation for Education, Inc.,* 642 S.W.2d 434 (Tex.1982), and we perceive no due process violation. We conclude that the trial court did have in personam jurisdiction and constitutionally rendered judgments by default on the allegations made against Muhr.

■ Next, Ulrich Muhr argues there is no evidence to support the finding that he was indebted to either Paramount Pipe or Winters Flexline. Muhr submits that nothing in the record evidences any sale or delivery of materials or services to him. As to default judgments, however, the non-answering party has "admitted" the facts properly pleaded and the justice of the opponent's claim. *Stoner,* 578 S.W.2d at 682. Also, and as noted above, a petition providing fair notice of the claims asserted, absent other deficiencies, will support a default judgment. The original petitions in question alleged agency and documented the indebtedness of Western International. We overrule this no evidence contention.

■ Muhr further argues there was no evidence to support the amount of damages awarded to Paramount Pipe. It is true that when damages are unliquidated or not proved by an instrument in writing, the court must conduct a hearing as to damages before a final default judgment may be granted. Tex.R.Civ.P. 243. The record reflects testimony by an officer from Paramount Pipe as to the reasonableness of the charges and the amount of the unpaid accounts. His testimony was consistent with the damages pleaded and the invoices attached to the petition. We further reject as meritless Muhr's apparent claim that, as to one of the leases, a fifty-seven cent discrepancy between the amount alleged in the petition and the amount shown by the attached invoices is fatal to Paramount Pipe's claim.

■ Muhr likewise alleges error in the trial court's award of attorney's fees to Paramount Pipe and Winters Flexline. Muhr relies on Tex.Civ.Prac. & Rem. Code § 38.002 (Vernon 1986). He urges that neither Paramount Pipe nor Winters Flexline alleged proper presentation of their claims to Muhr nor his failure to tender the just amount owed before the expiration of the thirtieth day after such presentation. However, both petitions specifically alleged that:

> Plaintiff has provided Defendant Ulrich Muhr with notice, by certified mailings, of the Liens claimed by Plaintiff on the [aforementioned leases], and Defendant Ulrich Muhr has failed and refused to pay the sums lawfully due and owing to Plaintiff.

Both petitions also specifically prayed for recovery of attorney's fees. Certainly the omission to allege that Muhr failed to tender payment within thirty days would have been subject to attack by special exception. We conclude, however, that the petitions gave Muhr fair notice that Paramount Pipe and Winters Flexline were seeking recovery of attorney's fees. We hold there was no error in the judgments awarding attorney's fees against Muhr.

■ Lastly, Muhr urges that the trial court erred in ruling that Paramount Pipe and Winters Flexline's mechanic's and materialman's liens are valid. We reject these

contentions. The affidavits and exhibits before us satisfy the requirements of Tex. Prop.Code Ann. § 56.022 (Vernon 1986). In addition, both the petitions allege that the plaintiffs "performed services and provided materials to mineral leasehold properties" and that "defendant, Ulrich Muhr, knew or reasonably should have known of the business activities of defendant Western ... in connection with mineral development of the Moon and Creswell leases...." We find no error.

We reverse the judgments of the court of appeals and affirm the judgments of the trial court.