Opinion filed November 9, 2006















 
 
  
 
 







 
 
  
 
 




Opinion filed November 9, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00138-CV 

                                                     __________

 

                                   DARRELL
WILLIAMS, Appellant

 

                                                             V.

 

                PATRICK
GRAFFLIN AND BETSY GRAFFLIN, Appellees

 



 

                                      On
Appeal from County Court at Law No. 2

 

                                                          Dallas County, Texas

 

                                           Trial
Court Cause No. CC-04-05773-B

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

This is a restricted appeal from a no-answer
default judgment entered against Darrell Williams d/b/a Alliance Foundation
Co.  See Tex. R. App. P. 30. 
Williams d/b/a Alliance
was sued by Patrick and Betsy Grafflin for fraud, misrepresentation, breach of
contract, breach of warranty, and deceptive trade practices.  The trial court held a hearing and entered a
default judgment awarding the Grafflins actual damages of $44,350, attorney=s fees of $3,850, and exemplary damages
of $130,000.  Williams appeals.  We affirm.








In a pro se brief, Williams presents four issues
attacking the default judgment.  Williams
contends that the trial court erred in entering the default judgment because
the owner of Alliance
was not served in accordance with Tex.
R. Civ. P. 106 and 107 and because the judgment was based upon hearsay
testimony, a fraudulent document, and the testimony of witnesses who lacked
personal knowledge.  

A restricted appeal is filed directly in an
appellate court.  To prevail in a
restricted appeal, an appellant must establish that it filed notice of the
restricted appeal within six months after the judgment was signed, that it was
a party to the underlying lawsuit but did not participate in the hearing that
resulted in the judgment complained of or timely file any post-judgment motions
or requests for findings of fact and conclusions of law, and that error is
apparent on the face of the record.  Alexander
v. Lynda=s
Boutique, 134 S.W.3d 845, 848 (Tex.
2004).  As in any other appeal, the
appellate court does not take testimony or receive evidence.  Instead, review is limited to errors apparent
on the face of the record.  Id. 

Williams first alleges error on the face of the
record with respect to the service of citation. 
When the adequacy of service of citation is challenged in a restricted
appeal, there are no presumptions in favor of valid issuance, service, or
return of citation.  Primate Constr.,
Inc. v. Silver, 884 S.W.2d 151, 152 (Tex.
1994).  Furthermore, it is well
established that strict compliance with the rules for service of citation must
affirmatively appear on the record.  Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex. 1990); Uvalde Country Club v. Martin Linen Supply
Co., 690 S.W.2d 884, 885 (Tex.
1985).  








The clerk=s
record in this case contains a motion and supporting affidavit in which the
Grafflins requested substituted service pursuant to Rule 106(b).  The supplemental clerk=s
record contains the trial court=s
order granting the motion for substituted service, the citation, and the
officer=s
return.  According to the affidavit of
Deputy Michael P. King in support of the motion for substituted service, Deputy
King confirmed Williams=s
address as his usual place of abode and made several attempts to contact him at
that address at various hours of the day. 
On one occasion, several kids came to the door and said Williams was not
home yet.  Deputy King left a card for
them to give Williams.  Deputy King later
spoke on the telephone to a woman identifying herself as Williams=s wife; she informed Deputy King that
Williams was not there.  On another
occasion, nobody answered the door at the residence and Deputy King left his
business card on the door.  Several days
later, a woman at the residence told Deputy King that Williams would not be
home until later that night.  On Deputy
King=s final
attempt to personally serve Williams at his residence, a young male answered
the door and said that he would go get Williams; however, the young man
returned and told Deputy King that Williams was not home.  In the order authorizing substituted service,
the trial court found that Williams was Aavoiding
service.@  The order authorized Williams d/b/a Alliance
to be served at 4538 Moler, Dallas, Texas B
an address confirmed by Deputy King B
by serving anyone over the age of sixteen at that address or by wrapping the
documents in plastic and securely attaching them with duct tape to the door of
the main entrance.  The officer=s return shows that Deputy King
delivered the citation, a copy of the original petition, and various discovery
requests to Darrell Willams d/b/a Alliance Foundation Co. at 4538 Moler in Dallas, Texas.  According to the return, these documents were
wrapped in plastic and taped to the main entrance as authorized by the trial
court=s order.

We can find no error apparent on the face of the
record.  The record shows that
substituted service was properly authorized by the trial court pursuant to Rule
106(b) and that substituted service was executed as authorized.  See Primate, 884 S.W.2d at 152 (officer=s return is prima facie evidence of the
facts recited therein).  The record also
shows that the petition gave Williams fair notice of the claims asserted
against him and that the petition did not affirmatively disclose the invalidity
of the Grafflins=
claims.  See Paramount Pipe &
Supply Co. v. Muhr, 749 S.W.2d 491, 494 (Tex. 1998). 
The first issue is overruled. 

In the remaining issues, Williams challenges the
trial court=s
consideration of the evidence submitted at the prove-up hearing.  To the extent that these issues relate to
Williams=s
liability, they must be overruled because Williams=s
liability was established by default.  See
Morgan v. Compugraphic Corp., 675 S.W.2d 729, 731 (Tex. 1984). 
To the extent that they relate to unliquidated damages, they are also
overruled.  








Williams failed to adequately brief any issue
related to hearsay; he did not specify in his brief what evidence was allegedly
hearsay.  See Tex. R. App. P. 38.1(h).  Furthermore, with respect to the trial court=s use of the challenged evidence, there
is no error apparent on the face of the record. 
Any alleged use of hearsay, perjured testimony, testimony not supported
by personal knowledge, or fraudulent documents is not error that is revealed in
the record in this case.  See Tex.
Commerce Bank, Nat=l
Ass=n v. New,
3 S.W.3d 515, 517 (Tex.
1999) (holding that hearsay constitutes probative evidence in support of a
default judgment and satisfies the requirement of evidence of unliquidated
damages).  Williams has attached
documents to his brief in an attempt to attack evidence submitted by the
Grafflins in support of the default judgment. 
We cannot consider any documents attached to Williams=s brief that were not included in the
appellate record.  See Alexander,
134 S.W.3d at 848.  The second, third,
and fourth issues are overruled.  

The judgment of the trial court is affirmed.  

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

November 9, 2006

Panel
consists of:  Wright, C.J., and

McCall, J., and Strange, J.