NO. 07-08-0065-CV


 

IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JUNE 17, 2008


 ______________________________



ELIZABETH C. BRENT, APPELLANT



V.



MARTHA C. FIELD AND J & J CATTLE FAMILY


LIMITED PARTNERSHIP, APPELLEES


_________________________________



FROM THE 69TH DISTRICT COURT OF HARTLEY COUNTY;



NO. 4300H; HONORABLE RONALD E. ENNS, JUDGE


_______________________________




Before CAMPBELL and PIRTLE, JJ., and BOYD, S.J. (1)

ORDER


 When the trial court denied Elizabeth Brent supersedeas relief from a judgment in
her case against Martha Field, Brent sought our review according to appellate rule 24. See
Tex. R. App. P. 24.4. Finding subsequent post-trial events have rendered moot the
requested review of the trial court's denial, we dismiss Brent's motion.

 The underlying suit originally was brought by Brent against Field, J & J Cattle Family
Limited Partnership, Thomas & Watson Trucking, Inc. and American Express Travel
Related Services Company, Inc. After a four-day bench trial, the trial court signed a
judgment inter alia ordering that Brent recover from Field and J & J $55,634.88 plus pre-judgment interest of $4,240.55, and that Thomas & Watson recover $7,127.46 from Field
and J & J, and a like amount from Brent. The judgment further made reference to an
escrow agreement to which Field, J & J, Brent and Amarillo National Bank were parties,
and ordered the bank to disburse the funds in escrow in the following manner: $59,875.43
to Brent, $7,127.46 to Thomas & Watson and the balance to Field. The escrowed funds
totaled something over $800,000. 

 After the judgment was signed on January 25, 2008, Brent filed a request for
findings of fact and conclusions of law, a motion for new trial and a motion in the trial court
to order supersedeas of the judgment through alternate security. See Tex. R. App. P.
24.1(a)(4). Brent filed a timely notice of appeal. 

 In her motion to suspend enforcement of the judgment, Brent argued the judgment
was not a money judgment but one adjudicating the parties' interests in a res, the
escrowed funds, and could be suspended by a deposit sufficient to cover appellate costs
and any interest differential during the pendency of her appeal. Tex. R. App. P. 24.2(a)(2). 
In this way, Brent calculated the amount of her distribution under the judgment was
monetarily sufficient to protect Field from risk during appeal. Brent proposed, therefore,
leaving in escrow her share of the funds under the judgment "as her bond." 

 Field countered that Brent was not positioned to supersede the judgment. 
Specifically, she argued, Brent sued Field, Field lost and was adjudged liable to Brent for
$59,875.43; thus, Brent was not Field's judgment debtor.

 After an evidentiary hearing, the trial court denied Brent's request by order signed
March 20, 2008, without specifying a basis. Brent moved this court to review the trial
court's order according to rule 24.4. Tex. R. App. P. 24.4(a). We temporarily stayed
enforcement of the judgment pending further order.

 Meanwhile, the bank filed an interpleader in the trial court and deposited the
proceeds of the escrow account into that court's registry. We held oral argument on
Brent's motion to review on May 27. Since that date, a supplemental clerk's record has
been filed. It contains an agreed order signed by the trial court on April 10, directing its
clerk to retain the interpled funds pending its further order. (2) 

 By agreement expressed through the order, Brent, Field and J & J have effected a
material change in the proceeding initiated by Brent under rule 24. The gravamen of
Brent's requested supersedeas relief was forestalling Field's effort to withdraw funds from
the escrow account during appeal. (3) But the agreed order places the now-interpled funds
beyond the unilateral reach of Fields, J & J and Brent, where they lie subject to further
order of the trial court. 

 It "is axiomatic that appellate courts do not decide cases in which no controversy
exists between the parties. Generally, a case is determined to be moot when the issues
presented are no longer live or the parties lack a legally cognizable interest in the
outcome." Camarena v. Texas Employment Comm'n, 754 S.W.2d 149, 151 (Tex. 1988)
(citations and internal quotation marks omitted); Young v. Young, 168 S.W.3d 276, 287
(Tex.App.-Dallas 2005, no pet.) (issue is moot when its judicial determination cannot have
a practical legal effect on a then existing controversy). Any opinion issued on a moot issue
is no more than an advisory opinion. Valley Baptist Med. Ctr. v. Gonzales, 33 S.W.3d 821,
822 (Tex. 2000). And the judiciary lacks jurisdiction to issue advisory opinions. See Tex.
Const. art. II, § 1. 

 We find that the filing of the interpleader and deposit of the escrowed funds into the
registry of the court by agreed order have rendered moot Brent's request that we review,
under rule 24.4, the trial court's March 20 order. Without reaching its merits, we dismiss
Brent's motion and vacate the temporary stay of enforcement. (4)

 Per Curiam
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. 
2. By a later supplement to the record, Brent has made us aware of a further order
in the case, signed by the trial court on June 9. That June 9 order does not address
disposition of the interpled funds as among Brent, Field and J & J. 
3. In her motion to review, Brent suggested, as an alternative, that the escrowed
funds be placed in the registry of the court. Brent effectively has received that relief by the
trial court's agreed order. 
4. We express no opinion on the effect, if any, of the April 10 order on the finality of
the January 25 judgment. 



 COURT OF POTTER COUNTY;

NO. 96,794-A; HONORABLE HAL MINER, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
          Meredith Lee Wilkins, Sr. (father), an inmate of the Texas Department of Criminal
Justice appearing pro se, sued his son, Meredith Lee Wilkins, Jr. (son) and his son’s wife,
Heather Wilkins (daughter-in-law), for damages arising from their alleged breach of
fiduciary duty. Son and daughter-in-law, residents of Pennsylvania, made a special
appearance according to Rule of Civil Procedure 120a challenging the personal jurisdiction
of the trial court.


 The trial court sustained the special appearance and dismissed the case. 
Father appeals through three issues. We will affirm the judgment of the trial court.
Background
          In a petition made on unsworn declaration,


 father averred that son and daughter-in-law breached an unspecified fiduciary duty arising from a power of attorney he executed
appointing son “to act as AGENT of [father] pertaining to financial matters, such as paying
bills, taxes, etc.” (capitalization in original). According to father, the actionable conduct of
son and daughter-in-law


 included son’s sale of father’s house, contrary to the intention of
father. There were also allegations son mismanaged the house prior to sale. A check
drawn on a Kentucky bank and representing proceeds from the sale of father’s house was
endorsed by son as father’s attorney-in-fact. Father alleged son and daughter-in-law
wrongfully used a portion of the proceeds for personal interests. He asserted son and
daughter-in-law made unauthorized withdrawals by check and ATM from his bank account. 
Finally, father alleged son and daughter-in-law made unauthorized charges to father’s
credit card accounts.
          Son and daughter-in-law filed a Rule 120a motion. Attached to the pleading were
affidavits wherein son and daughter-in-law averred they were residents of Pennsylvania
and for the period 2003 to the date of their affidavits resided first in West Virginia, then in
Georgia, and finally in Pennsylvania. Son and daughter-in-law further averred that father’s
house was located in Kentucky and checks were written and credit card charges made in
West Virginia, Georgia, and Pennsylvania. Son stated he was a resident of West Virginia
when he became father’s attorney-in-fact and performed duties in that capacity from his
residence which was never in Texas. Son and daughter-in-law do not maintain a registered
agent in Texas and have no business in the state. They have no employees, servants, or
agents in Texas.
          In two unsworn documents, father responded to the Rule 120a motion. He
contended son and daughter-in-law engaged in business in Texas by writing checks as his
agent on his account at a Texas bank. 
          The trial court sustained the special appearance of son and daughter-in-law and
dismissed the case. Although the order recites that all parties appeared in person, there
is no reporter’s record or other indication that the trial court conducted a hearing. Findings
of fact and conclusions of law were not requested nor were they filed by the trial court. This
appeal followed.
Analysis
          Through his first issue father contends the trial court possessed personal jurisdiction
of son and daughter-in-law and through his third issue he asserts the Texas long-arm
statute applies to the case. We interpret these issues as a collective challenge of the trial
court’s ruling on the Rule 120a motion of son and daughter-in-law. See Tex. R. App. P.
38.9. We will discuss issues one and three jointly.
          Whether a trial court has personal jurisdiction over a nonresident defendant is a
question of law. Michiana Easy Livin’ Country, Inc. v. Holten, 168 S.W.3d 777, 790-91
(Tex. 2005); American Type Culture Collection v. Coleman, 83 S.W.3d 801, 805-06 (Tex.
2002); BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 794 (Tex. 2002). An
appellate court, therefore, reviews the trial court’s determination of a Rule 120a motion de
novo. Moki Mac River Expeditions v. Drugg, 221 S.W.3d 569, 574 (Tex. 2007). However,
it is often necessary for the trial court to resolve questions of fact before deciding the
question of jurisdiction. Marchand, 83 S.W.3d at 794. If the trial court did not issue
findings of fact and conclusions of law supporting its order granting or denying a special
appearance, an appellate court will presume the trial court resolved all disputed facts in
favor of its judgment.


 See American Type Culture Collection, 83 S.W.3d at 806. 
          The plaintiff must allege facts that, if true, would make a nonresident defendant
subject to the personal jurisdiction of a Texas court. Paramount Pipe & Supply Co. v. Muhr,
749 S.W.2d 491, 496 (Tex. 1988). Thus the initial burden is on the plaintiff to sufficiently
allege facts bringing the nonresident defendant within the Texas long-arm statute. 
American Type Culture Collection, 83 S.W.3d at 806; see Tex. Civ. Prac. & Rem. Code
Ann. § 17.042 (Vernon 2008). This, however, is a minimal pleading requirement which is
satisfied by an allegation that the nonresident defendant is doing business in Texas. Huynh
v. Nguyen, 180 S.W.3d 608, 619-20 (Tex.App.–Houston [14th Dist.] 2005, no pet.); see
Perna v. Hogan, 162 S.W.3d 648, 652-53 (Tex.App.–Houston [14th Dist.] 2005, no pet.)
(indicating pleading requirement can be satisfied by alleging nonresident defendant is doing
business in Texas or nonresident defendant committed an act in Texas).
          It is the burden of the nonresident defendant to negate all bases of jurisdiction
alleged in the plaintiff’s petition. Moki Mac, 221 S.W.3d at 574; Marchand, 83 S.W.3d at
793. Texas courts may assert personal jurisdiction over a nonresident defendant if
authorized by the long-arm statute and the exercise of jurisdiction is consistent with federal
due process guarantees. Moki Mac, 221 S.W.3d at 574. The long-arm statute authorizes
the exercise of jurisdiction by a Texas court over a nonresident defendant that “does
business” in Texas. Tex. Civ. Prac. & Rem. Code Ann. § 17.042 (Vernon 2008). The
statute presents a non-exhaustive list of activities constituting “doing business.” Marchand,
83 S.W.3d at 795. In part, the statute provides that a nonresident does business in Texas
if it “commits a tort in whole or in part in this state.” Tex. Civ. Prac. & Rem. Code Ann. §
17.042(2) (Vernon 2008). The broad statutory language has been held to extend the
personal jurisdiction of a Texas court “‘as far as the federal constitutional requirements of
due process will permit.’” Marchand, 83 S.W.3d at 795 (quoting U-Anchor Adver., Inc. v
Burt, 553 S.W.2d 760, 762 (Tex. 1977)); Bryant v. Roblee, 153 S.W.3d 626, 629
(Tex.App.–Amarillo 2004, no pet.). 
          Because of the breadth of the long-arm statute, our analysis focuses on whether the
acts of son and daughter-in-law bring them within the personal jurisdiction of the Texas trial
court according to the requirements of due process. See Moki Mac, 221 S.W.3d at 575. 
The Due Process Clause of the Fourteenth Amendment “protects an individual’s liberty
interest in not being subject to the binding judgments of a forum with which he has
established no meaningful contacts, ties, or relations.” Burger King Corp. v. Rudzewicz,
471 U.S. 462, 471-72, 105 S. Ct. 2174, 2181-82, 85 L. Ed. 2d 528 (1985) (internal
quotation marks omitted). Exercise of personal jurisdiction over a nonresident defendant
is proper under the Due Process Clause if the nonresident defendant establishes sufficient
minimum contacts with the forum state, and the forum state’s assertion of personal
jurisdiction over the nonresident defendant comports with “traditional notions of fair play
and substantial justice.” Marchand, 83 S.W.3d at 795 (citing international Shoe Co. v.
Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)).
          “The minimum-contacts analysis requires that a defendant ‘purposefully avail’ itself
of the privilege of conducting activities within Texas, thus invoking the benefits and
protections of our laws.” American Type Culture Collection, 83 S.W.3d at 806 (citing
Burger King, 471 U.S. at 475, 105 S. Ct. at 2183). It is said “‘purposeful availment’” is the
touchstone of jurisdictional due process. Michiana, 168 S.W.3d at 784. Determining
“purposeful availment” requires a three-part inquiry:
First, only the defendant’s contacts with the forum are relevant, not the
unilateral activity of another party or a third person. Second, the contacts
relied upon must be purposeful rather than random, fortuitous, or attenuated.
. . . Finally, the defendant must seek some benefit, advantage or profit by
availing itself of the jurisdiction.
 
Moki Mac, 221 S.W.3d at 575. “The defendant’s activities, whether they consist of direct
acts within Texas or conduct outside Texas, must justify a conclusion that the defendant
could reasonably anticipate being called into a Texas court.” American Type Culture
Collection, 83 S.W.3d at 806 (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S.
286, 297, 100 S.Ct. 559, 568, 62 L.Ed.2d 490 (1980)).


 
          A nonresident defendant’s contacts with the forum state may give rise to either
general jurisdiction or specific jurisdiction. Moki Mac, 221 S.W.3d at 575; Bryant, 153
S.W.3d at 629. General jurisdiction arises from continuous and systematic contacts with
the forum, whether or not the defendant’s alleged liability arises from those contacts. Id. 
Specific jurisdiction exists when a defendant purposefully avails itself of conducting
activities in the forum state and the cause of action arises from or is related to those
contacts or activities. Retamco Operating, Inc. v. Republic Drilling Co., 278 S.W.3d 333,
338 (Tex. 2009); Moki Mac, 221 S.W.3d at 576; Dowdy v. Miller, 122 S.W.3d 816, 820
(Tex.App.–Amarillo 2003, no pet.). See Helicopteros Nacionales de Colombia v. Hall, 466
U.S. 408, 414 n.8, 104 S.Ct. 1868, 1872 n.8, 80 L.Ed.2d 404 (1984)). 
          Here there is no allegation of general or specific jurisdiction by father. And the trial
court granted appellees’ special appearance without issuing findings of fact and
conclusions of law. Son and daughter-in-law have no place of business in Texas, have no
registered agent, employees, servants, or agents in Texas, and handle matters under the
power of attorney from a residence outside of Texas. This absence of “continuous and
systematic” contacts with Texas means the trial court could not exercise general jurisdiction
over son and daughter-in-law. Rather, if personal jurisdiction attached in this case it must
be based on specific jurisdiction. 
          Father’s unilateral act of signing a document designating son his attorney-in-fact
does not direct our due process analysis. Our concern is with the activities son and
daughter-in-law purposefully directed toward Texas. See Burger King, 471 U.S. at 478-79,
105 S.Ct. at 2185 (contract alone does not establish sufficient minimum contacts; rather,
it is “prior negotiations and contemplated future consequences, along with the terms of the
contract and the parties’ actual course of dealing–that must be evaluated”); Dowdy, 122
S.W.3d at 822. 
          Father broadly alleged in his petition that all of the conduct giving rise to his breach
of fiduciary duty claim occurred in Potter County, Texas. Significantly, however, father did
not dispute son’s averment that he performed all duties for his father outside of Texas. The
trial court’s resolution of that factual dispute in favor of appellees is supported by the
record. 
          On the limited record the parties developed in the trial court, we find the parties’
course of dealing under the power of attorney insufficient to convince that son and
daughter-in-law purposefully availed themselves of the privilege of conducting activities
within Texas so as to satisfy the minimum contacts requirement for exercise of personal
jurisdiction over them by a Texas court. Father’s assertion that the bank from which son
improperly withdrew funds by check and ATM was a Texas bank does not alter our
conclusion. Having found the record does not show appellees’ purposeful availment, it is
unnecessary to consider whether a substantial connection existed between their contacts
with Texas and the operative facts underlying father’s alleged injury. See Moki Mac, 221
S.W.3d at 584-85. Further, In the absence of a finding of sufficient minimum contacts to
satisfy the strictures of due process, it is also unnecessary to consider whether an
assertion of personal jurisdiction by the Texas trial court over son and daughter-in-law
would comport with traditional notions of fair play and substantial justice. See Guardian
Royal Exch. Assur., Ltd. v English China Clays, P.L.C., 815 S.W.2d 226, 228 (Tex. 1991)
(citing Burger King, 471 U.S. at 476, 105 S.Ct. at 2184). We overrule father’s first and third
issues.
          By his second issue, father asserts counsel for son and daughter-in-law and the
judge of the trial court engaged in an unspecified and improper ex parte communication. 
Appellees note in their brief that the trial court disposed of their special appearance by
submission without hearing. And the record does not indicate otherwise. Moreover, the
record contains no indication that father called this alleged error to the trial court’s attention
and obtained a ruling. 
          Preservation of a complaint for review on appeal requires a party present a timely
request, motion, or objection to the trial court that states the specific grounds for the ruling
requested and conforms to the requirements of the Rules of Procedure and Evidence. See
Wal-Mart Stores, Inc. v. McKenzie, 997 S.W.2d 278, 280 (Tex. 1999); Tex. R. App. P.
33.1(a)(1)(A)-(B). The complaining party must also show that the trial court ruled on the
request, objection, or motion “either expressly or impliedly” or refused to rule and the party
objected to the refusal. Tex. R. App. P. 33.1(a)(2)(A)-(B). Because father did not preserve
error, nothing is presented for our review. We, accordingly, overrule father’s second issue.
Conclusion
          Having overruled father’s three issues, we affirm the judgment of the trial court.
 
                                                                           James T. Campbell

                                                                                      Justice