

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00454-CV

KRISTEN VANDER-PLAS, APPELLANT

V.

DONALD R. MAY, APPELLEE

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2015-517,271, Honorable Stuart Messer, Presiding

October 4, 2016

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE, JJ., and BOARD[1]

This is an interlocutory appeal arising from a slander and libel suit filed by appellee Donald May against appellant Kristen Vander-Plas. Vander-Plas moved to dismiss under the Texas Citizens Participation Act (TCPA)[2] and the trial court dismissed

---

[1] Honorable John Board, Judge, 181st District Court, sitting by assignment.

[2] TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001 et seq. (West 2013). Statute permits an interlocutory appeal of an order denying a motion to dismiss under the TCPA. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12) (West 2015).

the slander claim but not the libel claim. The trial court also denied Vander-Plas's request for attorney's fees and sanctions. On appeal, Vander-Plas argues that the trial court erred in denying dismissal of the libel claim and in denying her request for attorney's fees. We will reverse the trial court's order, render judgment dismissing the libel claim, and remand the cause.

## Background

In 2015, Vander-Plas was a student at Texas Tech University School of Law. She was active in politics and was acquainted with May, who also is politically active in Lubbock and acknowledges he is a public figure. May's suit alleged Vander-Plas told Texas Tech officials he had sexually harassed her on occasions in 2009, 2011 and 2012, leading them to request that May refrain from coming to the law school campus.[3] May denied the harassment allegations and unsuccessfully sought further details about them from Texas Tech. His suit further alleged that he then retained counsel to investigate Vander-Plas's claims, and on June 1, 2015, filed a petition in the trial court under Rule 202 of the Texas Rules of Civil Procedure.[4]

---

[3] May's pleading alleged "Texas Tech officials requested that May ban himself from the law school campus," and alleged "he did not agree to such a ban." In a section of his pleading describing his background, May asserted he regularly debates political and constitutional issues with a law school faculty member, in the classroom and in public media. He also alleged he had been invited to attend lectures and other events at the law school, and to visit with the faculty member to discuss future debates. Thus, May alleged, he "has legitimate reasons to be at the law school." May's pleading did not describe the duration of the "ban" Texas Tech officials proposed. An exhibit to Vander-Plas's motion to dismiss suggests May was asked not to come to the law school so long as Vander-Plas was a student there.

[4] The trial court denied May's Rule 202 petition, and May filed his defamation suit, on August 31, 2015.

May's pleading continued: "Because Dr. May is a public figure, he distributed a press release in connection with the filing of his Rule 202 Petition." The pleading further stated that Vander-Plas also issued a press release when the Rule 202 petition was filed, in which she stated through her attorney:

> I have been the recipient of multiple incidents of unwanted sexual contact from Don [M]ay over the course of several years. During my time as a student at Texas Tech University School of Law, Don has continued to give me unwanted attention appearing in the halls outside my classes. I made a complaint to the Law School leading to Texas Tech restricting [D]on from law school grounds. Until this time I have not made a public statement about Don's actions, and only do so now in response to Don's filing of a suit against me.

May's defamation suit alleged Vander-Plas caused the release to be published by local news media. In addition, he alleged that Vander-Plas's attorney made the following statement in connection with his issuance of the press release:

> Kristen has been the victim of sexual assault committed by Don May on at least two occasions. Don May is now using this lawsuit and the media to bring unwanted attention to the victim of his assault. Few had heard of these allegations before Don May sent out a press release. Why would he do it? The only rational explanation is that Don May wanted to publicly name and shame the victim of his sexual assault.

May's pleadings stated he "denies all of Vander-Plas' allegations that he acted in a sexually inappropriate manner towards her, including specifically any allegations of sexual harassment or sexual assault." His pleading went on to allege inconsistencies between statements in Vander-Plas's press release and her statements to Texas Tech officials. He alleged also a "possible motive" for Vander-Plas's defamatory statements, arising from May's election over Vander-Plas as a delegate to the Republican National Convention in 2012.

3

May's pleading described his cause of action for libel in a count entitled "Libel *Per Se*," reading in part:

> Vander-Plas' written press statements to the news media published on or about June 1, 2015 constituted defamation in writing, or libel. Vander-Plas' press release was made with the purpose of injuring May's reputation and political career. The statements alleging sexual harassment and sexual assault are false and were made with knowledge of or reckless disregard for [their] falsity. The statements impute sexual misconduct and [are] *per se* defamatory. The press releases referenced May by name.

The pleading further referred to the press releases as containing "false and defamatory claims that May committed sexual assault . . . made with knowledge of or reckless disregard for its falsity"; alleged, "[t]hese statements falsely accuse May with the commission of a crime . . . .";[5] alleged "Vander-Plas' statements were false because May never engaged in such behavior. Further, Vander-Plas lacked a good faith basis to make such a statement"; and alleged "Vander-Plas published the above-referenced statements with actual malice because she had actual knowledge of the falsity of her statements, or acted with reckless disregard for the falsity of her statements, and made them anyway."

May's pleading's allegations on damages included this statement regarding exemplary damages, "Vander-Plas had actual knowledge of the falsity of her statements. Vander-Plas made her statements to injure May's reputation and political career"; and, with regard to gross negligence, "Vander-Plas either knew or should have known that her statements were false and that such statements risked substantial injury

---

[5] The pleading cited and quoted section 22.011 of the Texas Penal Code, which defines the offense of sexual assault. TEX. PENAL CODE ANN. § 22.011 (West 2015).

to May's reputation and political career." At other places in his pleading, May referred to Vander-Plas's allegations as "false."

May's allegation of a cause of action for slander was based on Vander-Plas's statements to Texas Tech officials. Vander-Plas's motion to dismiss under the TCPA addressed both claims. The trial court granted her motion in part, dismissing the slander claim. It denied the motion to dismiss the libel claim, and denied her request for attorney's fees with respect to the dismissed slander claim.

On this interlocutory appeal, Vander-Plas presents two issues, each containing sub-issues. By her first issue, she challenges the trial court's failure to dismiss May's libel claim. Through her sub-issues, she contends she demonstrated the claim is subject to section 27.005(b) of the TCPA, and that May failed to establish the prima facie case required under section 27.005(c) to avoid dismissal. Her second issue addresses attorney's fees.

Analysis

Issue One – Prima Facie Case

The TCPA's purpose is to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE § 27.002. The statute allows a party to file a motion to dismiss a "legal action" that is "based on, relates to, or is in response to a party's exercise of" the right of free speech, right to petition or right of association. § 27.003. The movant has the initial

5

burden to show by a preponderance of the evidence that the legal action is subject to the TCPA. § 27.005(b). The court "may not dismiss a legal action under this section if the party bringing the legal action establishes by clear and specific evidence a prima facie case for each essential element of the claim in question." § 27.005(c). However, the statute requires dismissal of the action if the moving party establishes by a preponderance of the evidence "each essential element of a valid defense to the nonmovant's claim." § 27.005(d). The TCPA further provides, "In determining whether a legal action should be dismissed under this chapter, the court shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." § 27.006(a). The statute is to be construed liberally to effectuate its purpose and intent fully but it does not abrogate or lessen any other defense, remedy, immunity or privilege available under other constitutional, statutory, case, or common law or rule provisions. § 27.011.

Libel is a defamatory statement in written form. TEX. CIV. PRAC. & REM. CODE ANN. § 73.001 (West 2015); *Neely v. Wilson,* 418 S.W.3d 52, 60 (Tex. 2014). A statement constitutes defamation per se if it "injures a person in his office, profession, or occupation." *Hancock v. Variyam,* 400 S.W.3d 59, 66 (Tex. 2013) (*quoting Tex. Disposal Sys. Landfill, Inc. v. Waste Mgmt. Holdings, Inc.,* 219 S.W.3d 563, 581 (Tex. App.—Austin, 2007, pet. denied)). One asserting liability for defamation must show the publication of a false statement of fact to a third party, that was defamatory concerning the plaintiff, with the requisite degree of fault, and damages, in some cases. *In re Lipsky,* 460 S.W.3d 579, 593 (Tex. 2015). When defamation per se is proven, a level of general damages may be presumed. *See id.*

6

The proof required to demonstrate the "requisite degree of fault" depends on the status of the defamed person. "A private individual need only prove negligence, whereas a public figure or official must prove actual malice." *Id., citing WFAA-TV, Inc. v. McLemore,* 978 S.W.2d 568, 571 (Tex. 1998); *see Greer v. Abraham*, 489 S.W.3d 440, 443 (Tex. 2016) (public official). In the defamation context, "actual malice" means that the statement was made with knowledge of its falsity or with reckless disregard for its truth. *Lipsky,* 460 S.W.3d at 593 *(citing Huckabee v. Time Warner Entm't Co*., 19 S.W.3d 413, 420 (Tex. 2000)). At trial of a defamation case, the plaintiff must establish the defendant's actual malice by clear and convincing evidence. *Huckabee*, 19 S.W.3d at 420.

There appears no dispute that Vander-Plas met her burden under section 27.005(b) to show by a preponderance of the evidence that May's libel action is subject to the TCPA.[6] We turn to her issue contending May failed to establish by clear and specific evidence a prima facie case she published a false statement and did so with actual malice.[7] We review the issue de novo. *Herrera v. Stahl,* 441 S.W.3d 739, 741 (Tex. App.—San Antonio 2014, no pet.) (*citing Rehak Creative Servs., Inc. v. Witt*, 404 S.W.3d 716, 725-27 (Tex. App.—Houston [14th Dist.] 2013 pet. denied), *disapproved on other grounds by In re Lipsky*, 460 S.W.3d at 587-88).

---

[6] *See* § 27.001(3) (defining exercise of right of free speech as communication made in connection with a matter of public concern), § 27.001(7) (defining matter of public concern to include an issue related to a public figure); *see also Lippincott v. Whisenhunt,* 462 S.W.3d 507 (Tex. 2015) (per curiam).

[7] Vander-Plas also argues the press release statements were absolutely privileged as relating to a judicial proceeding. *See, e.g., James v. Brown*, 637 S.W.2d 914, 916-17 (Tex. 1982). We do not address the issue.

In response to Vander-Plas's motion to dismiss, May chose to rest on his pleadings, and did not submit an opposing affidavit.[8] If the trial court was correct in its conclusion May established a prima facie case of libel by clear and specific evidence, the evidence meeting that burden was contained within the pages of his unverified original petition.[9]

At the outset, we note the record and briefs before us present no disagreement over what Vander-Plas's press release and her attorney's accompanying statement said. May's petition quoted them, and Vander-Plas's appellant's brief contains the same wording.

Vander-Plas urges us to reconsider the reasoning of the courts that have concluded that, in determining whether a plaintiff has established a prima facie case by clear and specific evidence, allegations in the pleadings are to be considered "evidence." *See Hicks v. Grp. & Pension Adm'rs, Inc.*, 473 S.W.3d 518, 526 (Tex. App.—Corpus Christi 2015, no pet.) (under section 27.006 of TCPA, court may consider pleadings as evidence; TCPA "does not require a movant to present testimony or other evidence to satisfy the movant's evidentiary burden"); *Serafine v. Blunt*, 466 S.W.3d 352, 360 (Tex. App.—Austin 2015, no pet.); *Rio Grande H20 Guardian v. Robert Muller Family P'ship*, No. 04-13-00441-CV, 2014 Tex. App. LEXIS 915, at *8 (Tex. App.—San

---

[8] May's response to the motion to dismiss contained an affidavit of counsel regarding attorney's fees. In response to the motion to dismiss, May also filed a motion for limited discovery, which the trial court denied.

[9] Vander-Plas's motion to dismiss contained exhibits, including copies of correspondence from May's attorney to Vander-Plas and to her attorney. The parties do not contend the correspondence constitutes evidence supporting, or opposing, the motion to dismiss.

Antonio January 29, 2014, no pet.) (mem. op.). *See also Cuba v. Pylant*, 814 F.3d 701, 711 (5th Cir. 2016).

Vander-Plas contends those courts have given too great an emphasis to the "Evidence" heading the Legislature gave section 27.006. She argues the language of section 27.006(a) requiring that, in determining whether an action should be dismissed, "the court shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based[,]" states merely that courts must consider pleadings to determine the parties' claims and defenses and any judicial admissions, and the affidavits to weigh the evidence in support of the claims and defenses pled. She argues the Legislature should not be thought to have created a procedure so contrary to settled Texas law that pleadings are not evidence.[10] She further argues pleadings alone cannot, by their nature, "establish" a prima facie case for each essential element of a claim "by clear and specific evidence," as section 27.005(c) requires. May counters with a contention the Texas Supreme Court's opinion in *In re Lipsky* negates Vander-Plas's position. *See Lipsky,* 460 S.W.3d at 590-91. We need not address the parties' broad disagreement on the issue because we agree with Vander-Plas's alternate contention that May's petition does not satisfy the evidentiary requirement of section 27.005(c) even if pleadings in other cases might. The *Lipsky* opinion, 460 S.W.3d at 590-91, provides the guidance needed for disposition of Vander-Plas's issue.

---

[10] She cites such cases as *Hidalgo v. Surety Sav. & Loan Ass'n,* 462 S.W.2d 540, 543 (Tex. 1971) and this Court's opinion in *Chamberlain v. Cherry,* 818 S.W.2d 201, 208 (Tex. App.—Amarillo 1991) (orig. proceeding).

In *Lipsky* the court discussed the role pleadings may play in satisfying the "clear and specific evidence" and "prima facie case" requirements to avoid dismissal under section 27.005(c). 460 S.W.3d at 590-91. The court noted the distinction between the requirements of our state's notice pleading rules and those of section 27.005(c). Notice pleading, the court noted, does not require the plaintiff to set out in his pleadings the evidence on which he relies. *Id.* at 590, *quoting Paramount Pipe & Supply Co. v. Muhr,* 749 S.W.2d, 491, 494-95 (Tex. 1988). To the contrary, section 27.005(c) requires "clear and specific evidence."

Because the TCPA requires more than fair notice of the claim, "mere notice pleading—that is, general allegations that merely recite the elements of a cause of action—will not suffice. Instead, a plaintiff must provide enough details to show the factual basis for its claim. In a defamation case that implicates the TCPA, pleadings and evidence that establishes the facts of when, where, and what was said, the defamatory nature of the statements, and how they damaged the plaintiff should be sufficient to resist a TCPA motion to dismiss." *Id.* at 591.[11]

Here, to establish the defamatory nature of the statements, evidence of actual malice is required, that is, evidence Vander-Plas made the statements knowing they were false or with reckless disregard for their truth. To survive Vander-Plas's motion to dismiss, May's pleadings must state more than general allegations reciting that Vander-

---

[11] Likewise, the court held, affidavits containing conclusory statements are insufficient to satisfy the requirement of clear and specific evidence. "Bare, baseless opinions do not create fact questions, and neither are they a sufficient substitute for the clear and specific evidence required to establish a prima facie case under the TCPA." *Id.* at 592-93 (citation omitted).

Plas knew the statements were false or made them with reckless disregard for their truth.

Laying May's pleading alongside the explication of the court in *Lipsky,* we agree with Vander-Plas that the pleading falls short of the "detail to show the factual basis" for an assertion of actual malice. *Id.* at 591. As noted, the pleading describes the press release statements with phrases such as:

> "false and defamatory claims that May committed sexual assault . . . made with knowledge of or reckless disregard for its falsity";

> "statements falsely accuse May with the commission of a crime . . . .";

> "statements were false because May never engaged in such behavior. Further, Vander-Plas lacked a good faith basis to make such a statement";

> "published the . . . statements with actual malice because she had actual knowledge of the falsity of her statements, or acted with reckless disregard for the falsity of her statements, and made them anyway."

These and similar statements in May's pleading are merely the kind of general allegations reciting defamation's elements that the court described in *Lipsky.* They cannot provide clear and specific evidence of Vander-Plas's actual malice.

May further points to the paragraph in his pleading alleging:

> Contrary to the allegations of Ms. Vander-Plas' press release, May was told on April 20, 2015, by Amy Murphy, Dean of Students at Texas Tech University, that Vander-Plas claimed May harassed her before she ever enrolled at the law school, and that her allegation did not claim any offensive conduct occurred on Texas Tech property. Thus, Vander-Plas' allegations published in her press release are specifically disproven by her prior statements given to Dean Murphy of Texas Tech.

May's brief asserts that his pleading describes conflicts between the statement in the press release that May "has continued to give me unwanted attention appearing in the halls outside my classes" at the law school and the pleading's allegation that May was told by Murphy that Vander-Plas's allegation "did not claim any offensive conduct occurred on Texas Tech property." The two statements, May argues, show Vander-Plas has "impeached her own credibility. She either lied to the Dean of Students when she stated the instances of sexual harassment took place prior to her enrollment in the law school, or lied to the press when she stated that May 'continued to give [her] unwanted attention.'"

In the TCPA, "clear" evidence is that which is "unambiguous, sure or free from doubt," and "specific" means "explicit or relating to a particular named thing." *Lipsky*, 460 S.W.3d at 590; *D Magazine Partners, L.P. v. Rosenthal*, 475 S.W.3d 470, 479 (Tex. App.—Dallas 2015, pet. granted). A prima facie case "refers to evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted." *Lipsky*, 460 S.W.3d at 590. It is the "minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *Id.* (*quoting In re E.I. DuPont de Nemours & Co.,* 136 S.W.3 218, 223 (Tex. 2004) (per curiam) (internal citation omitted)).

To convert the distinction between the two statements into a prima facie case that Vander-Plas's press release statement was false and made with actual malice requires the drawing of any number of inferences. The statements first must be seen as incompatible. Vander-Plas argues they are not incompatible on their face, and May has no other evidence suggesting the statements are incompatible. We agree. It is unclear that the "unwanted attention" Vander-Plas said she experienced in the hallways outside

her classrooms referred to the 2009, 2011 and 2012 instances of sexual harassment that, according to May's pleading, she related to Dean Murphy. And, because May's libel claim arises from the press release, one must further infer that the differing statements provide evidence of the falsity of the press release, and the actual malice behind it.[12] Even when examined in a light favorable to May,[13] his pleading contains no evidence, much less clear and specific evidence, that Vander-Plas's press release statement was both false and made with knowledge of, or reckless disregard for, its falsity. Accordingly, we conclude May's pleading failed to establish by clear and specific evidence each of the essential elements of his libel action. The trial court erred by denying Vander-Plas's motion to dismiss the libel claim. We sustain her first issue.

Issue Two – Attorney's Fees

The TCPA requires an award of reasonable attorney's fees to a successful movant. *Sullivan v. Abraham,* 488 S.W.3d 294, 299 (Tex. 2016). Because of our disposition of Vander-Plas's first issue, we need not address her second issue, by which she challenges the trial court's denial of her request for attorney's fees arising from her successful motion to dismiss the slander claim.

---

[12] Pertinent here is the precept that vital facts may not be proven by unreasonable inferences or by piling inference upon inference. *See San Antonio Credit Union v. O'Connor,* 115 S.W.3d 82, 92 (Tex. App.—San Antonio 2003, pet. denied) ("[a] chain of inferences . . . can only be stretched so far before it snaps" (citation omitted)).

[13] *See James v. Calkins,* 446 S.W.3d 135, 147 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (court "examine[s] the pleadings and the evidence in a light favorable to the nonmovant to determine whether it marshaled 'clear and specific' evidence to support each element of its causes of action").

Conclusion

Having sustained Vander-Plas's first issue, we reverse the trial court's order denying her motion to dismiss May's libel claim, render judgment dismissing the libel claim, and remand the cause to the trial court for consideration of an award of relief in accordance with section 27.009.


James T. Campbell
Justice